No. 33,572

In re Application of J. E. MacLean for a Writ of Habeas Corpus.

(78 P. 2d 855)

Opinion filed May 7, 1938.

*C. L. Kagey, Hal M. Black* and *L. M. Kagey,* all of Wichita, for the petitioner.

*Clarence V. Beck,* attorney general, and *Wm. E. Scott,* assistant attorney general, for the respondent.

The opinion of the court was delivered by

DAWSON, C. J.: The petitioner, J. E. MacLean, presents an application to this court for a writ of habeas corpus to secure his release from the penitentiary in which he is incarcerated pursuant to a judg-

ment of the district court of Shawnee county which was affirmed by this court on July 6, 1935. (*State v. MacLean,* 142 Kan. 215, 46 P. 2d 879.)

The facts constituting the offenses for which the petitioner was prosecuted, convicted and sentenced and which involved infractions of the blue-sky law were sufficiently stated when petitioner's case was here on appeal.

The basis of this application is set forth in the petitioner's brief thus:

"(1) That he did not violate the provisions of any statute of the state of Kansas.

"(2) That the pretended statute upon which the court permitted him to be prosecuted is illegal and void and in contravention of the provisions of the constitution of the United States, which permits a citizen of the United States to make a fair contract.

"(3) That the punishment imposed, even if an offense had been committed, was cruel and unusual and in violation of the constitution of the United States.

"(4) That no offense was proved as charged in the information filed against your petitioner in the district court of Shawnee county, Kansas, and that said action was tried upon the theory, and a large amount of evidence introduced in an attempt to show that your petitioner had obtained money by false pretenses. By reason thereof, your petitioner did not receive a fair and impartial trial as guaranteed him by the constitution of the United States and the state of Kansas, and by the laws of Kansas."

Counsel for petitioner, however, are candid enough to follow the foregoing contentions with this observation:

"We believe that most of the questions involved in petitioner's appeal to the supreme court, in case number 31,945, were presented to the court, but from a careful reading of that opinion, we are impelled to the conclusion that the decision in that case was, as stated in the petition in this case, based upon the ruling of this court in a case where two entirely different propositions were involved (*State v. Dobson,* 140 Kan. 245)."

Few words are needed to restate the well-known rule of appellate practice that an application for a writ of habeas corpus will not be recognized as a substitute for a regular and timely appeal from a judgment and sentence in a criminal case, nor to serve as a belated motion for a rehearing of a criminal appeal which has been regularly disposed of. (G. S. 1935, 60-2213; *Ex parte Nye,* 8 Kan. 99; *In re Payson,* 23 Kan. 757; *In re Max Wheatley, Petitioner,* 114 Kan. 747, 220 Pac. 213; *In re Peters,* 124 Kan. 455, 260 Pac. 975; *Woolsey v. Best,* 299 U. S. 1, 57 S. Ct. 2, 81 L. Ed. 3.)

Under the rule just mentioned it is difficult to discern anything

in this application entitled to present consideration. It is suggested that—

"Your petitioner does not believe that the state of Kansas could pass a law interfering with the right of any citizen of the United States to enter into a legitimate contract. The constitutional right of your petitioner was invaded and taken away from him.

"The district court of Shawnee county has sentenced him to be confined in the penitentiary for a period not exceeding twenty-eight years because he borrowed four small amounts of money upon his notes for only six months and agreed to pay interest at the rate of seven percent upon the notes, and in addition thereto, because the money was loaned to him when he needed it, agreed that if and when a holding company was formed to take over the ownership and control of the Pfaff Steam Unit, he would turn over to the lenders a small interest in such holding company, in addition to paying his notes in full with interest. The Constitution of the United States inhibits cruel and unusual punishment. Would any sane person or any right thinking person whether sane or insane, contend seriously that a man who was guilty of the offense of borrowing money upon his promissory note in small amounts should be subjected to a penalty of not exceeding twenty-eight years in the penitentiary of the state of Kansas, when he had already been confined in the county jail of Shawnee county, Kansas, for a period of three years, lacking two months?"

These objections to the validity of the speculative securities act under which defendant was prosecuted have heretofore been fully considered and not sustained by this court in *Cities Service Co. v. Koeneke,* 137 Kan. 7, 24, 20 P. 2d 460, 87 A. L. R. 16; and similar statutes have been consistently upheld by the United States supreme court. (*Hall v. Geiger-Jones Co.,* 242 U. S. 539, 37 S. Ct. 217, 61 L. Ed. 480; L. R. A. 1917F 514 and annotations 524 *et seq.; Caldwell v. Sioux Falls Stock Yards Co.,* 242 U. S. 559, 37 S. Ct. 224, 61 L. Ed. 493; *Merrick v. Halsey & Co.,* 242 U. S. 568, 37 S. Ct. 227, 61 L. Ed. 498. See, also, Anno.—Blue-sky Law, 15 A. L. R. 262; 24 A. L. R. 523; 27 A. L. R. 1169; 30 A. L. R. 1331; 40 A. L. R. 1014; 54 A. L. R. 498; 57 A. L. R. 1004; 87 A. L. R. 42 *et seq.*)

The question whether the acts for which defendant was prosecuted, convicted and sentenced were innocent borrowings of money upon his promissory notes due in six months or were mere camouflage to conceal the perpetration of criminal offenses denounced by the statute is not determinable in this proceeding.

Petitioner's next point that the judgment imposing consecutive periods of penal servitude on the petitioner for the four specific counts on which he was convicted constitutes cruel and unusual punishment, in violation of the bill of rights, cannot be sustained.

It ought to be conceded that a breach of the statute enacted to suppress and punish the unlicensed sale of blue-sky securities is as heinous a public offense as the theft of six dollars' worth of property from a railway freight car; and in that case a judgment of conviction and a sentence of one to seven years was upheld over the objection that it violated the constitutional guaranty against cruel and unusual punishment. (*In re Tutt, Petitioner*, 55 Kan. 705, 41 Pac. 957.) The imposition of sentences of imprisonment to be served consecutively rather than concurrently, where the separate counts are charged in a single information and where there is a single verdict of guilty on such counts, is a discretionary responsibility vested in the trial court. (*State v. Woodbury*, 133 Kan. 1, 298 Pac. 794; *In re Skinner*, 136 Kan. 879, 883, 18 P. 2d 154; *State v. Finney*, 139 Kan. 578, 32 P. 2d 517.)

Counsel for petitioner are appalled at the length of imprisonment which their client must serve—twenty-eight years, they say. This calculation is apparently predicated on the assumption that the conduct of the petitioner in prison will be so refractory and impenitent that he will have to serve the maximum time on every count under the statute, whereas if he behaves himself the prison authorities may be depended on to deal with his case in the usual way. That will be their concern, however, not ours. The rule is well settled that the power to define crimes and to prescribe punishment for their violation is the function of the legislature; and instances in modern times are few and far between where reviewing courts have presumed to interfere with the sentence imposed for a crime on the ground of its being cruel or unusual within the meaning of the constitution. Still more rarely will cases be found where such judicial interference has occurred by means of habeas corpus proceedings. In 29 C. J. 60 it is said:

"An oppressive or unduly severe sentence, in view of the circumstances of the particular case, but nevertheless within the legal statutory limits, cannot be relieved against on habeas corpus, even where the claim is that it violates the constitutional prohibition against cruel, unusual, or disproportionate punishments."

See, also, note to *Franklin et al. v. Brown*, 73 W. Va. 727, 81 S. E. 405, in L. R. A. 1915C 557.

The writ is denied.