No. 35,488

LONNIE CHILDS, *Appellant*, v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Appellee*.

(125 P. 2d 349)

Opinion filed May 9, 1942.

*Lonnie Childs* was on the briefs *pro se*.

*Jay S. Parker*, attorney general, and *Jay Kyle*, assistant attorney general, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from an order of the district court of Leavenworth county refusing an application for a writ of habeas

corpus. The court ruled the petition was insufficient to entitle the prisoner to a writ, and he appeals.

The petition, in general terms, alleged the prisoner was illegally deprived of his liberty under color of a judgment of conviction rendered in the district court of Cowley county and a subsequent commitment to the state penitentiary. A copy of the journal entry of judgment was attached to the petition. The journal entry of judgment discloses defendant was tried by a jury on the charge of burglary in the second degree, pursuant to the provisions of G. S. 1935, 21-520, and that by reason of his former conviction of a felony his sentence for the offense of second degree burglary was doubled. His petition for the writ did not allege he was not adequately represented by counsel or that he did not have a fair trial in any particular. The journal entry of judgment affirmatively discloses he was represented by counsel and that, after a verdict of guilty, he stated he knew of no reason why sentence should not then be imposed. The recitals contained in the journal entry, including the fact of his former conviction of a felony, were not denied. In his argument, however, he states "there was no verified evidence," concerning his previous conviction of a felony and therefore the previous offense should not have been considered in determining the sentence for the second offense. If incompetent evidence was introduced on the trial the remedy was by timely appeal. Habeas corpus is not a substitute for an appeal as a means of correcting alleged trial errors or irregularities. (*Levell v. Simpson,* 142 Kan. 892, 52 P. 2d 372.)

While, as heretofore stated, the petition for the writ alleged no ultimate facts which would have justified the issuance of a writ, we shall pause to set petitioner right with respect to his erroneous contention that the trial court improperly doubled the sentence for burglary in the second degree. He contends that under our law, G. S. 1935, 21-107a, in force at the time of his conviction, it was the sentence for the first offense which should have been doubled and not the sentence for the second offense. He is wrong about that. The sentence prescribed for the second offense was properly doubled. (*State v. Woodman,* 127 Kan. 166, 272 Pac. 132; *State v. Close,* 130 Kan. 497, 287 Pac. 599.)

In the second action the petitioner was charged with burglary in the second degree pursuant to G. S. 1935, 21-520. The penalty for that offense is not less than five nor more than ten years. He

was, therefore, properly sentenced to a term of imprisonment in the state penitentiary for a term of not less than ten nor more than twenty years.

There is another reason which precludes the prisoner's release. He was tried and convicted for the second offense on October 14, 1935, and so far as his petition disclosed he was not entitled to a release from the state penitentiary even though he had not been sentenced as an habitual criminal and had been sentenced only for the regular term of not less than five nor more than ten years. The maximum term under the regular sentence for a first offense of burglary in the second degree has not expired and the petition contained no allegations which required or justified his release prior to the expiration of ten years.

Petitioner argues he should have been granted a hearing and have been permitted to present evidence in support of the facts alleged in his petition. The petition alleged no facts which entitled him to a release and manifestly the granting of a hearing to permit him to establish such insufficient facts could have served no useful purpose. The order denying the writ is affirmed.