No. 36,610

James Darwin Kneisley, *Petitioner*, v. R. H. Hudspeth, Warden of the State Penitentiary, *Respondent*.

(173 P. 2d 247)

Opinion filed October 12, 1946.

*William H. Biddle,* of Leavenworth, argued the cause for the petitioner.

*Leon W. Lundblade,* assistant attorney general, argued the cause, and *A. B. Mitchell,* attorney general, was on the briefs for the respondent.

The opinion of the court was delivered by

Hoch, J.: This is an original proceeding in habeas corpus. The petitioner, James Darwin Kneisley, seeks release from the state penitentiary where he is serving a sentence of from one to five years for grand larceny. Upon proper showing by petitioner that he was without funds, an order was made permitting the filing of the petition without deposit of costs, and for appointment of counsel to represent him. Mr. William H. Biddle, a member of the Leavenworth county bar and a capable attorney in good standing, was appointed by the court to represent the petitioner in the proceeding. After interviews with the petitioner and further investigation, Mr. Biddle filed a brief in behalf of petitioner and argued the case orally before the court.

In an information filed by the county attorney of Labette county, the defendant—petitioner here—was charged with stealing merchandise valued at twenty-five dollars from a store at Parsons, Kan., on September 23, 1942. The case was regularly called for trial on September 30, 1942. Following arraignment, the defendant advised the court that he did not have counsel and did not desire to have counsel appointed to represent him. Thereupon he signed a written waiver of appointment to which reference will later be made, and pleaded guilty to the offense as charged. Thereupon, after stating that he had no reason to offer why sentence should not be pronounced, he was duly sentenced and soon thereafter began serving the sentence following commitment, the regularity of which is not challenged.

Making a report concerning the case to the State Board of Administration immediately following the sentence, the judge of the district court wrote:

"This defendant is a transient in this community, and advised the Court that he was a resident of Kansas City, Missouri; that he is 23 years of age, unmarried, and without dependents; that he has only a seventh-grade education, but since quitting school has worked some three or four years as a painter, and claims to know that trade.

"From a questioning of the defendant, it would appear that he has had a long criminal record, although his answers are somewhat vague and indefinite. He admitted that he had served a two-year term in Algoa Reformatory in the State of Missouri from 1938 to 1940, upon a charge of grand larceny, and admits that he has been confined in various jails in 27 places. As to his numerous sentences, they were imposed upon charges of vagrancy and shoplifting. According to a report of Harold Anderson Chief of Police of Kansas City, Missouri, he has recently escaped from the Municipal Farm at Leeds, Missouri.

"As shown by the information in this case, the defendant was charged with the stealing of women's apparel from one of our stores.

"In light of the past record of this man, and the fact that evidently he is not a first offender, I have sentenced him to the penitentiary regardless of his youth, and have no particular recommendations to make in this case as to the length of confinement."

Summarized, the petitioner's specific contentions are:

1. The merchandise taken was not of "a value of twenty dollars or more," and that, therefore, he was not guilty of grand larceny as defined in G. S. 1935, 21-533.

2. He was forced to plead guilty by threats and coercion by the county attorney.

3. The county attorney assured him that if he would plead guilty the trial court would grant him a parole.

4. He was denied counsel.

The question as to the value of the merchandise taken cannot be reviewed in this proceeding. That was a question of fact to be determined in the trial. It was stated in the information that the property allegedly stolen consisted of "eighteen ladies' slips of the value of over $20, to wit: Twenty-five dollars ($25)." To this information, petitioner pleaded guilty, and no claim is made that at the trial the asserted value of the merchandise was questioned in any way. It is well settled in a long line of decisions that habeas corpus is not a substitute for appellate review, and that it cannot be used to review nonjurisdictional errors or irregularities leading up to judgment. (*Levell v. Simpson*, 142 Kan. 892, 52 P. 2d 372, appeal dismissed 297 U. S. 695, 56 S. Ct. 503, 80 L. Ed. 986; *In re Light*, 147 Kan. 657, 78 P. 2d 23; *In re McLean*, 147 Kan. 678, 78 P. 2d 855; *Hutton v. Amrine*, 153 Kan. 436, 111 P. 2d 540; *Herrold v. Amrine*, 153 Kan. 569, 113 P. 2d 1052; *Jones v. Amrine*, 154 Kan. 630, 121 P. 2d 263, certiorari denied 316 U. S. 676, 62 S. Ct. 1105, 86 L. Ed. 1750; *Harrison v. Amrine*, 155 Kan. 186, 124 P. 2d 202; *Childs v. Amrine*, 155 Kan. 383, 125 P. 2d 349; *Ables v. Amrine*, 155 Kan. 481, 126 P. 2d 231; *James v. Amrine*, 157 Kan. 397, 399, 140 P. 2d 362, and other authorities there cited.)

Appellant's second contention that his plea of guilty was brought about as a result of threats and coercion by the county attorney is wholly uncorroborated. As a part of its answer here, the state submits an affidavit by Glenn Jones, the then county attorney who filed the information and who is the officer against whom the charge is made by the petitioner, in which it is said:

"That this affiant has read a copy of the petitioner's petition for Writ of Habeas Corpus now pending in the Supreme Court of the State of Kansas and the petitioner's statement filed in support of said petition. Affiant states that although he was not personally present in the District Court on the date the petitioner herein was sentenced on his plea of guilty as the State of Kansas was represented by Jack L. Goodrich, the Assistant County Attorney of Labette County, Kansas, he knows of his own personal knowledge and memory that Petitioner was not coerced or threatened in any manner from the time of his arrest until his plea of guilty. . . . that to the memory of this affiant he never talked to petitioner but one time while he was in Labette County, Kansas, and at no time did affiant brutally coerce and threaten petitioner to plead guilty and never knew that petitioner complained of any such treatment by any of the officers of Labette County, Kansas."

In harmony with the authorities generally, this court has many times declared that a writ of habeas corpus will not be allowed upon the uncorroborated and unsupported statements of a petitioner. (*Hill v. Hudspeth*, ante, p. 376, 379, 168 P. 2d 922.)

The third contention of petitioner that he pleaded guilty because of assurance of Mr. Jones, the county attorney, that he would be given a judicial parole is also unsupported in any way. In his affidavit, Mr. Jones says:

"Affiant positively knows that the petitioner herein was not promised or assured by this affiant that he would be paroled by the District Judge if he pled guilty;"

The mere assertion of petitioner that he was promised a judicial parole furnishes no basis for granting the writ.

Petitioner's final contention, and the one principally stressed, is that he was denied counsel. The record is conclusively to the contrary. He was advised as to his right to have counsel, stated he did not desire counsel, and before a plea of guilty was accepted, he signed a written waiver of appointment of counsel. The journal entry recites:

"Thereupon, the defendant was formally arraigned at the bar of this Court, the information read and the penalty explained.

"Thereupon, the defendant advised the Court that he did not have and did not want an attorney to represent him, and voluntarily signed a written statement waiving the appointment of an attorney, and the Court finds that the appointment of an attorney for the defendant would not be to his advantage.

"Thereupon, in answer to inquiries by the Court, the defendant stated that he was guilty of the crime of grand larceny in violation of Section 21-533, G. S. 1935, which said plea of guilty was by the Court accepted and ordered entered of record."

The written waiver of appointment of counsel, signed by petitioner, recites:

"I, the undersigned, the defendant above named, do hereby state that I have been advised by the Court as to the nature of the offense with which I stand charged and the penalty prescribed by law in the event of a conviction thereof or a plea of guilty thereto, and the further fact that by reason of my financial inability to employ counsel that I have the right to be represented in this action by counsel to be appointed by the Court, and with full knowledge of these facts I do hereby give the Court to understand and be informed that I do not desire to be represented by counsel and request the Court to accept my plea to the averments of the information charging me with the offense of Grand Larceny without the appointment of counsel by the Court.

This statement and request being made voluntarily and of my own free will and accord.

"Signed in open Court at Parsons, Kansas, this 30th day of September, 1942.

S/   James Kneisley,
Defendant."

The action of the trial court in not appointing counsel following the signing of the waiver of such appointment was in strict compliance with the statutory requirement (G. S. 1945 Supp. 62-1304) and is not to be impeached by the mere assertion now by the petitioner that he did not understand the proceedings. Nor does the colloquy which took place prior to the signing of the waiver give any suggestion that the petitioner did not fully understand that he was entitled to have counsel appointed or that he did not know what he was signing. Pertinent portions of the record are as follows:

"BY THE COURT: For your information, there has been filed in this Court an information, which omitting the formal parts, reads as follows: 'I, Glenn Jones County Attorney of Labette County, Kansas . . .' (Continuing.) Signed and verified by Glenn Jones, as County Attorney, before the Clerk of this Court. Which constitutes what is known to the law as grand larceny, and in the event of a plea of guilty, or a verdict of guilty, the punishment prescribed by law is not less than one year nor more than five years in a penal institution.

"Now, with that statement, do you have an attorney to represent you? A. No.

"BY THE COURT: Do you have any money or property with which to employ one? A. No.

"BY THE COURT: Do you desire an attorney to represent you? A. No.

"BY THE COURT: Would you be willing to sign this sort of a statement? (Reading): 'I, the undersigned, the defendant above named . . .' (Continuing.) Now, would you sign that? A. Yes. (Thereupon the defendant signed his waiver of appointment of counsel.)

"BY THE COURT: Very well. Now what say you to the averments of the information charging you with the offense of grand larceny, guilty or not guilty? A. Guilty.

"BY THE COURT: Very well, a plea of guilty will be accepted and ordered entered of record."

It is pertinent to add that before sentence was pronounced, there was a lengthy colloquy between the court and the defendant as to the defendant's prior criminal record. The defendant's answers were coherent and to the point and give no indication that he was not in full possession of his mental faculties.

No motion for new trial was made nor appeal taken, and as far as the record discloses, the contentions hereinbefore discussed were

made for the first time in this proceeding, more than three years after sentence and commitment.

No grounds which would justify the granting of the writ having been shown, it must be denied. It is so ordered.