No. 36,655

WILLIAM F. POWERS, *Petitioner,* v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(173 P. 2d 251)

Opinion filed October 12, 1946.

*William F. Powers,* pro se.

*A. B. Mitchell,* attorney general, and *Leon W. Lundblade,* assistant attorney general, for the respondent.

The opinion of the court was delivered by

BURCH, J.: This is a habeas corpus case brought originally in this court by a petitioner who is a prisoner in the state penitentiary. The petition which he personally prepared sets forth that he was held *"en*communicado coerced, and forced to accept the dictates of the prosecuting attorney. And was denied the right to send for a counsel of his own choosing." In his sworn statement, which accompanied the petition, appears the following: "I made several attempts to contact legal counsel, with discouraging and fruitless results." The record, however, discloses that the petitioner appeared in person and through his attorney, upon arraignment, waived the same and pleaded not guilty; that he was tried before a jury; that he was represented by counsel at all times during the course of his trial and that his counsel filed and presented a motion for a new trial in his behalf. Since the record completely contradicts petitioner's contentions, his unsupported and uncorroborated

statements could not be a basis for the allowance of a writ of habeas corpus. (See *Cochran v. Amrine,* 153 Kan. 777, 113 P. 2d 1048; *Wooner v. Amrine,* 154 Kan. 211, 117 P. 2d 608; and *Hill v. Hudspeth,* ante, p. 376, 168 P. 2d 922.)

The petitioner further complains as follows: He alleges that there was no evidence introduced proving grand larceny; that the value of the alleged stolen property was not properly proven and that one-half of the property which was exhibited as evidence against him was never found in his possession. If there was any merit whatever to the complaints the petitioner should have appealed. All of the foregoing are nothing more than trial errors or irregularities which should have been called to the attention of the trial court in connection with petitioner's motion for a new trial and appeal should have followed after his motion for a new trial had been overruled. The petitioner's motion for a new trial was overruled on March 6, 1943. His petition for a writ of habeas corpus was not filed in this court until April 29, 1946. Therefore, his petition for a writ of habeas corpus cannot be considered as an appeal even though this court might be inclined to extend to the prisoner every justifiable advantage. Again, it must be said a proceeding in habeas corpus is not a substitute for an appeal and trial errors and irregularities cannot be corrected or reviewed upon a petition for the writ. (See *Lee v. Prather,* 146 Kan. 513, 71 P. 2d 868; *In re MacLean,* 147 Kan. 678, 78 P. 2d 855; *Hutton v. Amrine,* 153 Kan. 436, 111 P. 2d 540; *Childs v. Amrine,* 155 Kan. 383, 125 P. 2d 349; *James v. Amrine,* 157 Kan. 397, 140 P. 2d 302; *Hill v. Hudspeth,* supra, and cases cited therein at page 383.)

The petition for the writ is denied.