(Signed)  OWEN SAMUEL,
O. C. ZWICKER,
*Attorneys for Plaintiff.*

No. 36,735

JACK SMITH, *Petitioner,* v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(176 P. 2d 262)

Opinion filed January 25, 1947.

*William M. Mills, Jr.,* of Topeka, was on the briefs for the petitioner.

*A. B. Mitchell,* attorney general, and *Leon W. Lundblade,* assistant attorney general, were on the briefs for the respondent.

The opinion of the court was delivered by

HARVEY, C. J.: This is an original proceeding in habeas corpus

by an inmate of our state penitentiary. The petition prepared by the petitioner was filed in this court on July 17, 1946. It alleged that the petitioner's incarceration in the penitentiary was unlawful and stated a number of reasons for that conclusion. Obviously many of the reasons suggested had no merit. Notwithstanding that, the court directed that the petition be filed and fixed a time for respondent to answer. After the answer was filed the court appointed Mr. William M. Mills, Jr., a capable, reputable attorney of this court, as attorney for the petitioner. Mr. Mills examined the files, conferred personally with the petitioner and corresponded with members of his family, as a result of which the petitioner abandoned most of the points originally stated by him and rested his right to discharge upon the grounds: (1) That he had made repeated requests for counsel, which requests were denied; (2) that the district judge violated G. S. 1945 Supp. 62-1304, by not informing petitioner that he was entitled to counsel and by denying petitioner's express request for counsel, and (3) that he did not competently and intelligently waive his right to counsel.

The record before us indicates that a complaint had been filed before the justice of the peace of Bourbon county charging petitioner with the larceny of a described automobile, and a warrant was issued for his arrest; that he was arrested in Kansas City, Mo., waived extradition, and was taken to the jail in Bourbon county. There he was informed that the state had four charges against him—one for the stealing of the automobile, another the stealing of automobile tires, and two complaints of obtaining money or property by fraudulent representation, each being a felony; that he waived a preliminary examination upon the charge of stealing the automobile, and an information in due form was filed in the district court charging that offense under the name of Jack Smith, alias H. H. Johnson; that on March 14, 1946, he was brought into court and duly arraigned, the information being read to him by Frank O'Brien, county attorney, when the following proceedings were had, which were taken by the court reporter and later transcribed and filed as a part of the record in the case:

"COURT: Mr. Johnson, this Information charges you with a felonious offense. That would bear a sentence to the penitentiary. Under the law you should have an attorney to represent you or else waive the right to have an attorney. Do you have any attorney?

"H. H. JOHNSON: No, sir.

"COURT: Do you desire the Court to appoint an attorney for you?

"H. H. JOHNSON: Your Honor, since I am pleading guilty to this charge I don't think I should need one. I don't know.

"COURT: You have talked with the County Attorney and know what the situation is?

"H. H. JOHNSON: Yes, sir.

"COURT: How old are you?

"H. H. JOHNSON: Forty-five.

"COURT: Do you have a signed waiver, Mr. County Attorney?

"FRANK O'BRIEN: Yes, I have one here.

"COURT: Well, show the waiver to him and let him sign it if he wants to.

"FRANK O'BRIEN: What is your real name, Jack?

"H. H. JOHNSON: J. H. Johnson.

"COURT: Let him sign it that way.

"FRANK O'BRIEN: I will date this the 14th. Will it be all right for the Sheriff and myself to act as witnesses?

"COURT: It will be all right.

"FRANK O'BRIEN: I would like to read this Waiver with the Court's permission.

"COURT: Very well.

"FRANK O'BRIEN: (Reading Waiver of Right to Representation by counsel)

"Waiver of Right to Representation by Counsel. I, Jack Smith, alias H. H. Johnson, Defendant in the above entitled action in which I am charged with Grand Larceny, having been advised by the Honorable Harry W. Fisher, Judge of the District Court of Bourbon County, Kansas, that I am entitled to representation by counsel in this matter, and that if I am not able and willing to employ counsel of my own choosing, the Court will appoint counsel to represent me, do hereby state that I do not want counsel to represent me and waive any right which I may have under the law to be represented by counsel.

"No duress, threats or pressure of any kind have been made to induce me to execute this waiver and it is done of my own free will and accord.

"Dated at Fort Scott, Kansas, this 14th day of March, 1946.

"(Signed)   J. H. Johnson, Defendant.

"Witness of signature:

"RUSSELL SIMMONS (Signed)

"FRANK O'BRIEN (Signed)

"COURT: To this information how do you plead, guilty or not guilty?

"H. H. JOHNSON: Guilty, Your Honor.

"COURT: The law in Kansas, Mr. Johnson, provides for sentence so the Court has no power to vary these sentences and the length of time that is served under them is largely in the discretion of the Board of Pardon and Parole, depending a lot upon the way you get along in the institution: The penalty for this offense is a sentence which I will prescribe. That you be confined in the Penitentiary for a period of not less than five nor more than fifteen years and that you pay the costs of your prosecution.

"FRANK O'BRIEN: I might state for the benefit of the Court and the Defendant in order that there will be no misunderstanding, this Defendant would have been charged in this Court under four separate informations, this one charging the theft of an automobile.

"COURT: I see there is also a case filed charging larceny of tires.

"FRANK O'BRIEN: Yes, I have asked to dismiss that. One is charging the larceny of the tires as you have indicated and two with cheating by false representations, all being a felony as the Court is aware. Since he has been in jail I have talked with him two or three times at his request. He has been coöperative and I have talked with him about what should be done in this case. He said to me possibly he would plead if I would reduce it to one count. I told him if he plead at all I would expect him to plead to the more serious of the offenses. That he has done. I will dismiss the cases pending and no prosecution will be brought on the two other cases.

"COURT: Very well, the other case is dismissed. You will be in the custody of the Sheriff. Luck to you.

"H. H. JOHNSON: Yes, sir."

These proceedings conform substantially to our statute (G. S. 1945 Supp. 62-1304). They are contradicted only by the assertions of petitioner. This is insufficient. (See *Kneisley v. Hudspeth,* 161 Kan. 772, 775, 173 P. 2d 247.) The substance of these proceedings was embodied in the journal entry, as required by G. S. 1945 Supp. 62-1516. The sentence imposed was that provided by G. S. 1935, 21-534. There is no merit in petitioner's contention respecting counsel. In his affidavit filed herein he states that he was induced to enter his plea of guilty by the repeated assertions of the county attorney that if he did not do so he would call the attention of the court to his previous convictions, as a result of which he would receive a life sentence. This is denied by the affidavit of the county attorney. There is nothing in the record to indicate that the county attorney or the court at the time of his plea and sentence knew of his previous convictions. Attached to the return of respondent in this case is a list of previous convictions furnished by the FBI. These show that beginning in 1918 the petitioner had been convicted of a felony and sentenced to penal servitude seven different times prior to his arrest in this case. We think the petitioner was the one who had those matters in mind and feared the county attorney would learn of them, with the result of an increased sentence. Perhaps it is to be regretted that the county attorney did not know of them and call them to the attention of the court, for if our statute (G. S. 1945 Supp. 21-107a) on that question should apply to anyone it would seem appropriate that it should apply to the petitioner.

The writ prayed for is denied.