No. 36,788

HARRY DOWNS, *Petitioner,* v. R. H. HUDSPETH, Warden of the State Penitentiary, *Respondent.*

(178 P. 2d 219)

Opinion filed March 8, 1947.

Harry Downs, *pro se.*

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *A. B. Mitchell,* attorney general, and *Leon Lundblade,* were with him on the briefs for the respondent.

The opinion of the court was delivered by

PARKER, J.:   In this, an original proceeding, Harry Downs, who is serving two life sentences in the state penitentiary for murder committed in the perpetration of a robbery under separate and distinct judgments of the district court of Labette county rendered on November 2, 1942, seeks a writ of habeas corpus to secure his release from prison.

The petitioner's claim of illegal imprisonment, which ignores the fact he is incarcerated under two commitments, is based upon the following grounds:

(1)  That he is not guilty of murder committed in the perpetration of a robbery as charged in the information.

(2)  That he was taken from Labette county into Montgomery county within two hours after his arrest without any charge having been filed against him.

(3)  That he was held incommunicado in the Montgomery county jail for sixty-six days before an information was filed against him.

(4)  That he was denied the right of counsel.

(5)  That for three months while being held in the Montgomery county jail he was coerced and threatened by the county attorney of that county.

(6)  That during such period he was denied his constitutional right of a speedy, fair and impartial trial by jury.

(7)  That as a result of the coercion and threats of the prosecuting attorneys of both Montgomery county and Labette county he was forced, through fear, to enter a plea of guilty to the crimes with which he had been charged.

(8)  That he was accused of murder while in the perpetration of a robbery although no robbery was shown.

(9) That counsel cannot be intelligently waived by a person charged with first degree murder.

(10) That the journal entry of judgment on its face shows (a) intimidation and coercion, and (b), lack of jurisdiction to impose sentence.

(11) That intimidation and coercion by the county attorney of Labette county is conclusively established from the fact the information was positively verified by such officer.

Shortly after receipt of the petitioner's application for a writ of habeas corpus in form as heretofore summarized this court ordered that it be filed without a deposit for costs and directed that the respondent be given thirty days in which to file an answer thereto. Within time an answer and return was filed by the attorney general on behalf of the respondent. It contained a general denial and alleged the petitioner was legally in respondent's custody by virtue of valid judgments and sentences of the district court of Labette county. Attached to such answer were certified copies of the information, a waiver of appointment of counsel, the journal entry of judgment, and the commitment in case No. 1239 of the district court of Labette county, and similar copies of the information, a waiver of appointment of counsel, the journal entry of judgment, and the commitment in case No. 1240 of the same court.

At this point we pause to say that except as it is required for an accurate recital of the status of the pleadings and a clarification of the situation revealed by the answer the fact that petitioner was committed to the state penitentiary for life under the sentence imposed in case No. 1240 is of no legal significance in our determination of the issues involved in this action. For informative purposes it should, however, be stated that in case No. 1239 petitioner was charged with the murder of Clinton Miller, entered a plea of guilty to that charge and was sentenced to life imprisonment in the penitentiary for the commission of such offense, while in case No. 1240 he was charged with the murder of one Thomas M. Miller, pleaded guilty to that charge and was given a life sentence in prison for its commission to run concurrently with the sentence imposed upon him in case No. 1239. Likewise added, that save for the distinctions just noted, the documents attached to respondent's answer and to which we have referred are alike in dates, form, and verbiage. Obviously, under the circumstances and conditions heretofore related, the question of whether petitioner is entitled to the writ he

seeks depends upon the legality of the sentence imposed in case No. 1239. Therefore, our consideration of the questions raised by him in his application will be limited to the factual and legal situations disclosed by the record in that case.

The information attached to the answer and to which petitioner concedes he entered a plea of guilty serves a dual purpose in that it not only discloses the crime charged but at the same time serves as a brief narrative of the existing factual situation on the date such crime is alleged to have been committed. On that account it will be quoted. Omitting its formal allegations it reads:

"That on or about the 1st day of August, A. D., 1942, in the County of Labette, State of Kansas, the above named defendants, Harry Downs and William LaTrasse there being and while then and there jointly, willfully, unlawfully and feloniously, in the perpetration of a robbery of the Plaza Bar, a place of business located in the City of Parsons, Labette county, Kansas, owned and operated by Frank Magner, an individual doing business under the firm name of Plaza Bar of Parsons, Kansas, did then and there jointly, willfully, unlawfully, feloniously, deliberately, premeditatedly and with malice aforethought and with the intent to kill, did shoot, kill and murder one *Clinton Miller with certain 38 Calibre Smith-and-Wesson revolvers, each barrel of each revolver being 5 inches in length, a further description of said revolvers being now unknown to complainant, each of said revolvers being then and there loaded with powder and leaden bullets, one revolver being then and there held in the hand of the defendant, Harry Downs and one of said revolvers being then and there had and held in the hand of the said William LaTrasse, and said defendants did then and there with said revolvers, inflict certain mortal wounds in and upon the body of the said *Clinton Miller, from which said mortal wounds, the said *Clinton Miller did then and there die in the county of Labette, State of Kansas, all being contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State of Kansas."

* With respect to the information in case No. 1240 asterisks indicate where the name of Thomas M. Miller appears in place of Clinton Miller.

First, we turn to grounds of petitioner's application raising pure issues of fact which, since this is an original proceeding, must be determined from the evidence. As we do so it should be kept in mind that in the determination of factual issues in habeas corpus cases this court, as well as other courts, has repeatedly held that where a petitioner attacks a judgment on the ground his constitutional rights have been violated the burden of proof rests upon him to establish the facts relied upon as having that effect by a preponderance of all the evidence. (*Bissell v. Amrine,* 159 Kan. 358, 155 P. 2d 413, and cases there cited.)

At the outset we note part of the evidence in this case is in affidavit

form. It consists of verified statements by the petitioner and three county officials. The statements of fact therein found will be given the force and effect to which they would be entitled had they been made in open court on oral examination or set forth in a deposition.

Ground 4 is that petitioner was denied the right of counsel. This claim is supported by bald statements of the petitioner to the effect he was held incommunicado and denied counsel. It is refuted by: (1) The testimony of Glenn Jones, the then prosecuting attorney of Labette county, who states that he talked with petitioner on a number of occasions and that he voluntarily pleaded guilty after having been informed that he had a right to counsel of his own choice or counsel appointed by the court; (2) the journal entry of judgment which contains the following statement:

"Thereupon said defendants and each of them were formally arraigned at the bar of this court and the nature of the crime charged in the Information and the penalty therefore was explained to the defendants by the court, together with the procedure in regard to a hearing of the evidence in said cause before sentence could be imposed in the event of a plea of guilty by said defendants. Thereupon the defendants advised the court that they had employed an attorney, Mr. Walter S. Keith of Coffeyville, Kansas, but that they had discharged him from further service in connection with said case and that they did not desire and did not want an attorney to represent them in said case and further advised the court that if they desired an attorney, they had the financial means with which to employ such attorney, and the Court finds that the appointment of counsel for defendants would not be to their advantage.

"Thereupon in answer to questions by the court, the defendants and each of them stated that they would sign a waiver of appointment of counsel by the court and each of said defendants did sign a waiver of appointment of counsel by the court."

and (3) a waiver of appointment of counsel signed by the petitioner which reads:

"I, the undersigned, one of the defendants above named, do hereby state that I have been advised by the court as to the nature of the offense with which I stand charged and the penalty prescribed by law in the event of a conviction thereof or a plea of guilty thereto, and the further fact that by reason of my financial inability to employ counsel that I have the right to be represented in this action by counsel to be appointed by the Court, and with full knowledge of these facts I do hereby give the Court to understand and be informed that I do not desire to be represented by counsel and request the Court to accept my plea to the averments of the information, charging me with the offense of murder in the first degree, without the appointment of counsel by the Court. This statement and request being made voluntarily and of my own free will and accord.

"Signed in open Court at Parsons, Kansas, this 2nd day of November, 1942."

As to ground 5 petitioner's testimony is that he was coerced and threatened by the prosecuting attorney of Montgomery county, the county in which he alleges he was confined in jail from the day of his arrest to the date on which he entered his plea of guilty. His statement on that point is flatly denied by Wallace Carpenter, the then county attorney of such county and by Carl Way, then a constable and a deputy sheriff, who states that he was in and about the Montgomery county jail every day petitioner was confined there and positively knows that he was not coerced or mistreated in any manner.

Ground 6 is not corroborated by the testimony of any witness and petitioner fails to point out how he was denied a speedy, fair and impartial trial by jury. His claim he was denied a fair and impartial jury trial is positively contradicted by the witness Glenn Jones, and of a certainty disproved by portions of the record heretofore quoted, while the very most that can be said for his contention a speedy trial was denied him is that he was arrested on or about August 2, 1942, given a preliminary examination about one month later and brought to trial on the 2d of November, 1942.

The claim asserted in ground 7, that as a result of coercion and threats he pleaded guilty through fear, is supported solely by petitioner's own statement and is denied by the three witnesses heretofore named.

Upon consideration of the whole record, only part of which has been herein specifically mentioned or referred to, we have no difficulty in concluding petitioner has wholly failed to establish grounds 4, 5, 6 and 7 of his application.

Next, let us dispose of claims made by petitioner which can be determined by assuming for purposes of our decision that factual questions therein involved have been resolved in accord with his contentions regarding them.

In ground 1 it is alleged petitioner is not guilty of murder as charged in the information. The claim has no merit. Under our decisions the guilt or innocence of one accused or convicted of crime is not justiciable in a habeas corpus proceeding (*Crebs v. Amrine*, 153 Kan. 736, 745, 113 P. 2d 1084, certiorari denied, 317 U. S. 699, 63 Sup. Ct., 441, 87 L. Ed. 559; *Merideth v. Amrine*, 155 Kan. 7, 122 P. 2d 759, certiorari denied, 316 U. S. 670, 62 Sup. Ct., 1047, 86 L. Ed. 1745; *Smith v. Amrine*, 156 Kan. 486, 489, 134 P. 2d 400).

Standing alone, the mere fact, as stated in grounds 2 and 3, petitioner was taken from Labette county into Montgomery county within two hours after his arrest and thereafter held incommunicado 'in the jail of the latter county for sixty-six days before an information was filed against him would not warrant his release on habeas corpus (*Smith v. Amrine,* supra).

Ground 8 is so frivolous it deserves little, if any, consideration. Having understandingly and intelligently entered a plea of guilty to the crime of murder committed in the perpetration of a robbery the petitioner cannot now be heard to say that notwithstanding he pleaded guilty the state was required to establish the elements of the crime with which he had been charged by testimony.

In addition to what has just been held with respect to grounds 1, 2, 3 and 8 there is another sound reason for holding they do not justify the relief sought by petitioner. All relate to nonjurisdictional trial errors and irregularities which, under repeated decisions of this court, are not subject to correction and review in habeas corpus (*Hill v. Hudspeth,* 161 Kan. 376, 168 P. 2d 922; *Powers v. Hudspeth,* 161 Kan. 777, 173 P. 2d 251; *Kneisley v. Hudspeth,* 161 Kan. 772, 173 P. 2d 247).

Lastly we direct our attention to grounds of the application which raise no issue of fact. No. 9 overlooks our statute (G. S. 1945 Supp. 62-1304), providing that any person about to be arraigned upon information may waive his right to counsel and our decision in *Kneisley v. Hudspeth,* supra, holding that he may do so when—as here—his waiver was voluntarily and understandingly signed. No. 10 is also untenable. The journal entry not only fails to show intimidation and coercion on its face but clearly reveals strict compliance with statutory provisions enacted for the protection of persons accused of crime. No. 11 is wholly gratuitous. The fact a prosecuting attorney verified an information positively does not even raise an inference that such officer has intimidated or coerced a person charged with an offense against the laws of the state. In fact to suggest that it does so is presumptuous and we take space in this opinion to answer it only because the petitioner is not represented by counsel.

From our careful and extended examination of the record we find nothing which entitles petitioner to a writ of habeas corpus. Therefore, the relief prayed for in his application is denied.