No. 37,091

Jack B. Long, *Petitioner,* v. Robert H. Hudspeth, Warden of the Kansas State Penitentiary, *Respondent.*

(192 P. 2d 169)

Opinion filed April 10, 1948.

*Jack B. Long,* pro se.

*Edward F. Arn,* attorney general, and *Harold R. Fatzer,* assistant attorney general, for the respondent.

The opinion of the court was delivered by

Parker, J.: This proceeding comes to this court on an original application for a writ of habeas corpus by Jack B. Long, who is now confined in the state penitentiary under a judgment rendered in the district court of Sedgwick county on a plea of guilty to the crime of robbery in the first degree.

After the application for a writ, which was duly verified, was filed with the clerk, the court examined the papers and directed that they be filed without a deposit for costs and the case docketed as an original proceeding.

The petitioner's original application charges (1) that in district court he was denied the assistance and advice of counsel in violation of the sixth and fourteenth amendments to the constitution of the United States, and (2) that he was coerced and intimidated by the prosecuting officers of Sedgwick county into entering a plea of guilty. Following the filing of such pleading the petitioner asked leave to amend. This request was granted. He then filed an amend-

ment wherein he alleged in substance he was prosecuted by information instead of indictment in violation of the fifth and fourteenth amendments to the federal constitution.

Respondent's answer denies generally the allegations of the application, and its amendment, and asserts that petitioner is lawfully in custody under and by virtue of a valid judgment and sentence of the district court of Sedgwick county.

In our decision of the issues, as in all other habeas corpus proceedings, verified statements of fact made by the petitioner in his pleadings and in support of his position are given weight to which they would have been entitled had he been personally present and testified in open court as a witness.

When the entire record of the cause as submitted is carefully examined we are forced to the conclusion it discloses nothing which permits or requires the petitioner's release on a writ of habeas corpus.

Petitioner's first claim is completely refuted by the record. From portions of the transcript of the proceedings had in district court and offered by respondent it appears petitioner's case came on for hearing on August 9, 1939. Petitioner, who was twenty-three years of age, was advised by the court that he was charged with the crime of highway robbery and of the severity of the penalty imposed by statute for the commission of such offense. He was then asked the following question: "Do you want an attorney?" His answer was "no." This inquiry by the court satisfied the requirements of G. S. 1935, 62-1304, then in force and effect, which only required a trial court to assign counsel for an accused "at his request." (See *Crebs v. Hudspeth,* 160 Kan. 650, 657, 164 P. 2d 338, and *Hill v. Hudspeth,* 161 Kan. 376, 378, 168 P. 2d 922.) The fact petitioner now says he was denied counsel is not enough. We have repeatedly held the records of courts are not to be set aside upon the unsupported statements of a defeated litigant. (*Cochran v. Amrine,* 153 Kan. 777, 113 P. 2d 1048; *Brandt v. Hudspeth,* 162 Kan. 601, 178 P. 2d 224.)

The second claim that petitioner was intimidated and coerced into entering a plea of guilty by the prosecuting officials is supported only by his own uncorroborated statement to that effect. This court is committed to the doctrine that in a habeas corpus proceeding where one convicted of crime attacks a judgment under which he has been sentenced, on the ground his constitutional rights have been violated, he has the burden of establishing the facts disclosing the

violation of such rights by a preponderance of the evidence (*Bissell v. Amrine*, 159 Kan. 358 [and decisions cited on page 364], 155 P. 2d 413; *Downs v. Hudspeth*, 162 Kan. 575, 178 P. 2d 219), and has repeatedly held that the unsupported and uncorroborated statements of the petitioner in such a proceeding do not sustain the burden of proof or justify the granting of a writ. (See *Hill v. Hudspeth*, 161 Kan. 376, 168 P. 2d 922; *Kneisley v. Hudspeth*, 161 Kan. 772, 173 P. 2d 247; *Kendall v. Hudspeth*, 162 Kan. 307, 176 P. 2d 754; *Smith v. Hudspeth*, 162 Kan. 361, 364, 176 P. 2d 262.)

In passing it should perhaps be stated that so far as this second claim is concerned there is much to justify its rejection as fallacious. The record discloses that prior to the date on which he entered his plea of guilty petitioner had confessed to the commission of at least three other armed robberies in the vicinity of Wichita and that theretofore he had served sentences for the commission of felonies in at least two other state penitentiaries. Notwithstanding, he was permitted to enter a plea of guilty to but one charge of robbery and sentenced as a first offender without regard to the provisions of chapter 178, Laws of 1939, now G. S. 1947 Supp., 21-107a, providing for the imposition of additional punishment on persons convicted of two or more felonies. In such a situation, without resort to the rule to which we have last referred, we have no difficulty in concluding such claim should be denied as disproved by the record.

The third and final ground of petitioner's application for a writ was decided by this court in *Bailey v. Hudspeth* (No. 37,117), 164 Kan. 600, 191 P. 2d 894. Following our decision in that case we hold the fact that petitioner was prosecuted in the district court of Sedgwick county by information instead of by indictment as authorized by the code of criminal procedure of the state of Kansas does not result in depriving him of any rights guaranteed to him by either the fifth or fourteenth amendments to the constitution of the United States.

The writ is denied.