No. 37,337

ROBERT FOSTER, *Petitioner,* v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(199 P. 2d 189)

Opinion filed November 13, 1948.

*Charles W. Lowder,* of Kansas City, argued the cause for the petitioner.

*Edward F. Arn,* attorney general, and *Harold R. Fatzer,* assistant attorney general, were on the briefs for the respondent.

The opinion of the court was delivered by

COWAN, J.: The petitioner for writ of habeas corpus pleaded guilty to embezzlement of $370.70 on Otcober 3, 1947. Information was filed in the district court of Shawnee county charging him with embezzlement of the above sum from Fred J. Kuehne and Otto Kuehne, Jr., doing business as Kuehne Bros. Company, Topeka, Kan. The prisoner had no counsel and the court appointed David Prager, a member of the Shawnee county bar, as attorney for the defendant. David Prager conferred with the defendant. Thereafter defendant entered plea of guilty on October 3, 1947, and was sentenced to confinement in the Kansas state penitentiary until discharged according to law.

The petitioner presents three grounds for discharge, the first of which is that he was proceeded against by information rather than by grand jury indictment. This contention has been disposed of adversely to the defendant's contention in the case of *Bailey v. Hudspeth*, 164 Kan. 600, 191 P. 2d 894.

The second claim is that the petitioner did not have a trial by jury. The defendant voluntarily entered a plea of guilty and thus waived any right to trial by jury.

The third ground for discharge is that the counsel appointed for defendant did not properly advise him (either before or after he was convicted) as to his rights guaranteed by the constitution of the United States. This allegation is so indefinite that it might be disregarded but we shall consider it. In *Long v. Hudspeth*, 164 Kan. 720, 192 P. 2d 169, this court held that, where a petitioner attacks on such grounds the judgment under which he has been sentenced, the burden is upon him to prove violation of his constitutional rights, by a preponderance of the evidence, and that unsupported and uncorroborated statements of the petitioner, in such a proceeding, do not sustain this burden of proof or justify the granting of the writ. The court finds from the record and the evidence in this case that the petitioner (defendant in the original proceeding) was properly represented, that his constitutional rights were not infringed upon and that he entered a plea of guilty voluntarily with full knowledge of the consequences.

The writ is denied.