No. 37,450

CLARENCE BLEVINS, *Petitioner,* v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(199 P. 2d 171)

Opinion filed November 13, 1948.

*Charles W. Lowder,* of Kansas City, argued the cause for the petitioner.

*Edward F. Arn,* attorney general, and *Harold R. Fatzer,* assistant attorney general, were on the briefs for the respondent.

The opinion of the court was delivered by

COWAN, J.: The petitioner was charged by information with the murder of Nellie Blevins on November 9, 1937, in Wyandotte county. On January 13, 1938, the then attorney for petitioner withdrew as his counsel and the court appointed Charles W. Lowder to represent the defendant. Arraignment was waived and plea of not guilty was entered on January 31, 1938. Commencing on January 31, 1938, the petitioner was tried by a jury; evidence was introduced by both the state and the defendant; and on February 4, 1938, the jury returned a verdict of murder in the first degree, as charged in the information. Throughout the trial the defendant was repre-

sented by Charles W. Lowder and Betty Meeks. Motion for a new trial was filed, heard, and overruled. On February 26, 1938, the petitioner was sentenced to confinement in the state penitentiary at Lansing for the term of his natural life.

Petitioner makes the claim that he should have been proceeded against by grand jury indictment rather than by information. The claim is without merit. (*Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894.) The prisoner likewise insists that the law providing for prosecution by means of information instead of indictment is unconstitutional under the federal constitution. This question already has been disposed of contrary to petitioner's contention. (*Bailey v. Hudspeth,* supra.)

Another complaint presented by the petitioner is that the information did not make any reference to the statutes under which he was charged or specify the degree of murder with which he was charged. The law does not require that the information set out the statute or specify the degree. (*Lang v. Amrine,* 156 Kan. 382, 133 P. 2d 128.)

The next contention of petitioner is that he was not properly represented by his attorney at the trial of the case. Petitioner does not specify in what regard the attorney did not represent him properly nor does he support his claim with anything other than his own averments. The affidavits and the evidence in this case establish that he was well and properly represented by counsel and that his rights were fully protected. Mere uncorroborated allegations of the petitioner in this respect do not meet the burden of proof placed upon one attacking collaterally the judgment under which he is confined. (*Long v. Hudspeth,* 164 Kan. 720, 192 P. 2d 169.)

Petitioner alleges that upon his arrest his person was searched; his house was searched; that he was convicted and sentenced without warrant being issued for his arrest or for the search. Again, we have the uncorroborated statement of the petitioner, which is insufficient. If the search was made, there is no showing in what way it injured the defendant or prejudicially invaded his rights in this respect, if any. As the crime involved was a felony, the peace officer did not need a warrant in order to make the arrest.

On the claim that the material witnesses for the defendant were not called to the stand, we are again confronted with the uncorroborated allegation of the petitioner, which allegation is not sufficient to overcome the burden resting upon him. The names of the witnesses

are not disclosed; neither are we informed as to what their testimony would have been. The petitioner has wholly failed to make out a case for the relief he seeks.

The writt is denied.