No. 39,627

WILLIAM HOWARD FITCH, *Petitioner*, v. C. A. EDMONDSON, Warden, Kansas State Penitentiary, C. W. WILSON, Record Clerk, Kansas State Penitentiary, and the State of Kansas, et al., *Respondents.*

(277 P. 2d 627)

Opinion filed December 11, 1954.

*William Howard Fitch,* petitioner, was on the briefs *pro se.*

*Harold R. Fatzer,* Attorney General, and *James L. Galle,* Assistant Attorney General, were on the briefs for the respondents.

The opinion of the court was delivered by

PRICE, J.: This is an original proceeding in habeas corpus in which petitioner seeks his release from the Kansas state penitentiary.

The record before us establishes the following factual background:

On February 19, 1948, petitioner entered his plea of guilty in case No. 4045 in the district court of Butler County to the charge of larceny of an automobile (G. S. 1949, 21-533), and was sentenced to confinement in the state penitentiary for a term of not less than five nor more than fifteen years, under G. S. 1949, 21-534.

Pursuant to such conviction and sentence he was committed to the state penitentiary and remained in that institution until June, 1951, at which time he was granted a parole.

On September 3, 1952, while on parole, petitioner was charged in case No. 1519, in Dickinson County, with the larceny of an automobile on July 24, 1952.

On September 8, 1952, he entered his plea of guilty to this charge and was by the Dickinson County district court sentenced to confinement in the state penitentiary pursuant to G. S. 1949, 21-534. It was further ordered by that court that the sentence run concurrently with the sentence formerly imposed by the district court of Butler County.

Petitioner was recommitted to the state penitentiary, in which place he is presently confined.

In support of his application for a writ of habeas corpus petitioner contends that the sentence imposed upon him in Dickinson County, which provided that it should run concurrently with the previous Butler County sentence, was null and void and in violation of law; that he is not guilty of the charge lodged against him in Dickinson County but was "talked into" entering a plea of guilty by the prosecuting officials and his court-appointed counsel upon the promise that his sentence thereunder would run concurrently with the sentence previously imposed in Butler County; and, finally, that due to the fact respondents refuse to execute and carry out the Dickinson County sentence he is being deprived of the right and privilege to seek and receive a parole from the sentence imposed in Butler County.

There are several answers to petitioner's contentions.

G. S. 1949, 62-1528, provides that a parole violator shall be subject to serve out the unexpired term of his maximum possible imprisonment—in other words, as applied to the facts before us—the unexpired term of his Butler County sentence. That period has not yet expired.

The same statute further provides that when any prisoner who is at large on parole or conditional release commits a fresh crime, he shall, upon conviction thereof and sentence thereunder to the state penitentiary, be subject to serve such second sentence after the first sentence is served or annulled, and that such second sentence is to commence from the termination of his liability upon the first or former sentence. (*Wears v. Hudspeth*, 167 Kan. 191, 205 P. 2d 1118, and *Craven v. Hudspeth*, 172 Kan. 731, 733, 242 P. 2d 823.)

G. S. 1949, 60-2213, in substance provides that no court shall inquire into the legality of any judgment or process whereby a party is in custody, or discharge him when the term of commitment has not expired, upon any process issued on and final judgment of a court of competent jurisdiction.

Conceding that under G. S. 1949, 62-1528, the Dickinson County sentence, which was ordered to run concurrently with the Butler County sentence, was irregular in form, it does not follow that it was therefore a nullity and void. The court had jurisdiction of petitioner and of the subject matter, and the sentence, although irregular, was not void.

With respect to petitioner's contention that he is not guilty of the Dickinson County offense and that he was coerced into entering a plea of guilty, it is sufficient to say that such allegations are wholly unsupported. Court records, regular on their face, are not to be set aside upon mere uncorroborated statements of one in the position of petitioner. (*Kneisley v. Hudspeth*, 161 Kan. 772, 173 P. 2d 247; *Powers v. Hudspeth*, 161 Kan. 777, 173 P. 2d 251; *Wilson v. Turner*, 168 Kan. 1, 3, 4, 208 P. 2d 846.)

It having been established that petitioner has not served the sentences imposed upon him, and is lawfully confined thereunder, he is not entitled to his release. No grounds for the issuance of a writ of habeas corpus being shown, the application is denied.