No. 39,781

Tommy E. Hartman, *Petitioner,* v. C. A. Edmondson, Warden, Kansas State Penitentiary, and the State of Kansas, et al., *Respondents.*

(283 P. 2d 397)

Opinion filed May 7, 1955.

*Tommy E. Hartman,* petitioner, was on the briefs *pro se.*

*Harold R. Fatzer,* Attorney General, and *James L. Galle,* Assistant Attorney General, were on the briefs for the respondents.

The opinion of the court was delivered by

Parker, J.: This case is here on an original application for a writ of habeas corpus by Tommy E. Hartman, who is now serving an unexpired sentence in the State Penitentiary under a judgment rendered against him by the district court of Wyandotte County on a plea of guilty to the crime of robbery in the first degree.

Nothing would be gained by extended reference to the verified

application for a writ which this court, pursuant to petitioner's request, directed its clerk to file without requiring a deposit for costs. It suffices to say that when carefully analyzed and stripped of verbose allegations, affording no grounds for the issuance of a writ, it charges in substance that petitioner did not commit the crime for which he was sentenced and that his plea of guilty thereto was brought about and entered by reason of threats, coercion, mistreatment and intimidation on the part of public officials charged with the duty of enforcing the criminal laws of the state.

The answer of the respondent denies generally the allegations of the application and asserts the petitioner is lawfully in his custody as Warden of the State Penitentiary under and by virtue of a valid judgment and sentence of the district court of Wyandotte County.

In our decision of the issues raised by the pleadings in this case, as in all other original habeas corpus proceedings filed in this court, verified statements of fact made by the petitioner in his application in support of his position will be given the weight to which they would have been entitled had he been personally present and testified as a witness in his own behalf.

Petitioner's first contention to the effect he is not guilty of robbery as charged in the information lacks merit and cannot be upheld. Under our decisions the guilt or innocence of one accused or convicted of crime is not justiciable in a habeas corpus proceeding (*Crebs v. Amrine*, 153 Kan. 736, 745, 113 P. 2d 1084, certiorari denied, 317 U. S. 699, 63 Sup. Ct. 441, 87 L. Ed. 559; *Merideth v. Amrine*, 155 Kan. 7, 122 P. 2d 759, certiorari denied, 316 U. S. 670, 62 Sup. Ct. 1047, 86 L. Ed. 1745; *Smith v. Amrine*, 156 Kan. 486, 489, 134 P. 2d 400; *Downs v. Hudspeth*, 162 Kan. 575, 178 P. 2d 219).

For what is probably our most recent case, dealing with the foregoing subject, see *Martin v. Edmondson*, 176 Kan. 374, 270 P. 2d 791, where it is held:

"Assertion of innocence by one convicted of a crime may not be considered in an application for a writ of habeas corpus, and neither is a proceeding in habeas corpus a substitute for an appeal." (Syl. ¶ 2.)

The second and final material claim advanced by petitioner, that he was threatened, coerced, mistreated and intimated by prosecuting officials, is supported only by his own uncorroborated statements to that effect. Moreover the record discloses his plea of guilty was entered at a time when he had been fully advised by the court as to his rights and was represented by counsel, with whom he had

previously been given every opportunity to confer and advise. Under such circumstances this second contention has no more merit than the first. This court has long been committed to the rule that the unsupported and uncorroborated statements of the petitioner in a habeas corpus proceeding do not sustain the burden of proof or justify the granting of a writ where—as here—the judgment rendered is regular on its face and hence entitled to a presumption of regularity and validity. See, e. g., *Kneisley v. Hudspeth,* 161 Kan. 772, 173 P. 2d 247; *Kendall v. Hudspeth,* 162 Kan. 307, 308, 176 P. 2d 254; *Smith v. Hudspeth,* 162 Kan. 361, 364, 176 P. 2d 262; *Long v. Hudspeth,* 164 Kan. 720, 192 P. 2d 169; *Pyle v. Hudspeth,* 166 Kan. 62, 199 P. 2d 469, certiorari denied, 336 U. S. 907, 69 Sup. Ct. 487, 93 L. Ed. 1072; *Slater v. Hudspeth,* 167 Kan. 111, 112, 204 P. 2d 698; *Strong v. Edmondson,* 177 Kan. 247, 277 P. 2d 585; *Fitch v. Edmondson,* 177 Kan. 253, 255, 277 P. 2d 627, and *Hall v. Edmondson,* 177 Kan. 404, 279 P. 2d 290.

The writ is denied.