Per Curiam.

It is petitioner’s contention that he did not want to plead guilty but wanted a trial before a jury. He states that he was taken before the court at 7:30 in the morning with only the judge and prosecutor present. He claims further that he requested counsel and trial by jury, but the prosecutor told the court that the petitioner pleaded guilty. As petitioner states in his brief such allegations cannot be proved and thus we have only petitioner’s word for what happened. An examination of the transcript of the docket entries shows the following sequence of events: May 9, 1955, indictment issued to the sheriff ; May 11, 1955, arraignment and plea of not guilty; May 26, 1955, praecipe for witnesses filed and subpoenas issued; May 31, 1955, defendant pleaded guilty. It is apparent from these entries that preparations were made for the trial of petitioner. This, together with the court’s entry, is the only tangible evidence extant.
*288 In a habeas corpus proceeding, as in any other proceeding, the party asserting his right to affirmative relief has the burden of proof. Thus, in a habeas corpus proceeding, where the return sets forth a justification for the detention of the petitioner, the burden of proof is on the petitioner to establish his right to release. 25 American Jurisprudence, 247, Habeas Corpus, Section 150; and Willoughby v. Utecht, 223 Minn., 572.
In sustaining his burden of proof in a habeas corpus proceeding, the petitioner must first overcome the presumption of regularity which attaches to all court proceedings. In McGorray, Sheriff, v. Sutter, 80 Ohio St., 400, 408, the court said:
“But by resorting to a suit in habeas corpus, she has elected to meet the presumption, which the present record does not exclude, that the trial court regularly and properly exercised whatever authority it had in the premises; and she has assumed the burden of showing that the order of commitment is void, because the court was without authority to make it in view of her claim that her answers to the questions propounded would incriminate her.”
Obviously the burden of proving his right to release is on the petitioner. Although the difficulty of producing evidence to substantiate a petitioner’s claim may be recognized, it is clear that unsupported and uncorroborated statements of the petitioner, standing alone, are not sufficient to overcome the presumption of regularity of the court’s judgment. Hartman v. Edmondson, Warden, 178 Kan., 164; and Converse v. Hand, Warden, 185 Kan., 112.
Here, the docket entries indicate preparation was being made for the trial of the case, and there is no indication in them that counsel was ever requested by petitioner. The court’s entry is in part as follows:
“This day came the prosecuting attorney on behalf of the state of Ohio and the defendant, Charles Louis Yarbrough, in his own proper person: Thereupon leave of the court was granted the said defendant to withdraw his former plea of not guilty herein and for plea the said defendant says that he is guilty of the charge of forgery, as he stands charged in the second count of the indictment herein. ’ ’
The only evidence introduced in this action was the uncor *289 roborated statements of the petitioner, and sneh are not sufficient to overcome the presumption of regularity which attaches to the acts of a court of competent jurisdiction.
The petitioner alleges that, since he pleaded not guilty at his arraignment, the burden was then on the state to prove his guilt. This would be true if he had elected to stand on such plea, but by entering a plea of guilty he admitted the material facts in the indictment and obviated the necessity for the state to prove them. Norton v. Green, Supt., 173 Ohio St., 531.
The petitioner urges also that the check was altered, not forged. Apparently the instrument involved herein was a bank money order properly issued by the bank but increased in amount before it was passed. Under the provisions of Section 2913.01, Revised Code, the alteration of an instrument is included in the definition of the crime of forgery. The petitioner’s argument in this respect is not well taken.
Petitioner has failed to show any deprivation of his constitutional rights or any lack of jurisdiction of the trial court.

Petitioner remanded to custody.

Taet, C. J., Zimmerman, Matthias, 0 ’Neill, Grieeith, Herbert and Gibson, JJ., concur.