No. 33,086

BENNIE GLOVER, *Petitioner*, v. LACEY SIMPSON, Warden of the
Kansas State Penitentiary, *Respondent.*

(58 P. 2d 73)

Opinion filed June 6, 1936.

*Lillie Knight* and *James M. Rader*, both of Kansas City, Mo., for the
petitioner.

*Clarence V. Beck*, attorney general, and *J. S. Parker*, assistant attorney
general, for the respondent.

The opinion of the court was delivered by

DAWSON, J.: This petitioner, Bennie. Glover, is a prisoner in the
state penitentiary under a life sentence as a habitual criminal. He ·
seeks release by habeas corpus on the ground that the judgment and
sentence imposed on him were void in various particulars.

Petitioner was arrested, bound over, and formally arraigned in
the district court of Dickinson county on a charge of having com-
mitted the felonious crime of burglary in the third degree. He
entered a plea of guilty. The record then proceeds as follows:

"And thereupon the said defendant was asked by the court if he had ever
been convicted of any felonies previous to this time, to which question said
defendant replied that he had heretofore been convicted of the crime of grand
larceny at Buena Vista, Colo., in 1925, and was further convicted of the
crime of burglary in Jefferson City, Mo., in 1927, and upon the statement of
said defendant the court finds him to have been twice previously convicted
of the commission of a felony.

"And thereupon upon the plea of guilty of said defendant the court finds the
said defendant guilty of burglary in the third degree, as charged in said in-
formation filed herein, and that he has previously been convicted of the crime
of grand larceny, to wit: At Buena Vista, Colo., in 1925, and of burglary at

Jefferson City, Mo., in 1927, and thereupon said defendant was asked by the court if he had anything to say as to why the sentence of the court should not be pronounced upon him at this time, to which question the said defendant responded, 'I have not.'

"It is therefore by the court considered, ordered and adjudged that said defendant, Bennie Glover, is guilty of the crime of burglary in the third degree as charged in the information filed herein; and that this is the third time that said defendant has been convicted of a felony, and as punishment therefor the said defendant is sentenced by the court to be taken forthwith to the Kansas state penitentiary at Lansing, Kan., by the sheriff of Dickinson county, Kansas, and there confined at hard labor for a period of his natural life."

The foregoing judgment and sentence were pronounced on January 28, 1928, following which petitioner was incarcerated in the penitentiary and is still detained therein.

It is now contended that the district court had no jurisdiction to impose on petitioner a sentence as a habitual criminal; that such a sentence violated his rights under the fourteenth amendment; and that the Kansas statute under which he was sentenced is ambiguous, of doubtful meaning, and contradictory, and permits excessive sentences and unreasonable discriminations in its enforcement, and is unconstitutional and void. Petitioner further contends that as the law is administered by the district court of Dickinson county an accused person is deprived of the right of notice and a hearing on the question whether he is a habitual criminal and is denied the right of trial by jury upon this question.

With the exception of one point, to be noticed presently, every legal question here urged was carefully considered in the recent case of *Levell v. Simpson,* 142 Kan. 892, 52 P. 2d 372. On its authority, the petitioner's sentence and incarceration are valid, and he is not entitled to release on habeas corpus.

Touching his claim of right to a jury trial on the question of his being a habitual criminal, that point was also covered in *Levell v. Simpson,* supra; but here it may be added that since the function of a jury is to settle disputed issues of fact, a jury could have served no purpose in determining whether he was a habitual criminal. Without constraint he admitted that all-important fact.

The writ is denied.