No. 35,756

ALBERT P. LANG, *Appellant*, v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Appellee*.

(133 P. 2d 128)

Opinion filed January 23, 1943.

*Irwin Snattinger,* of Topeka, argued the cause, and *Albert P. Lang* was on the brief *pro se*.

*Shelley Graybill,* assistant attorney general, argued the cause, and *Jay S. Parker,* attorney general, was on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was a habeas corpus case filed in the district court of Leavenworth county. The petitioner is an inmate of our state penitentiary under a judgment and sentence of the district court of Sedgwick county for the offense of murder in the first degree. In the trial court he contended the information was insufficient

to charge that offense. The journal entry of the judgment of the trial court recites that the court examined the petition for the writ "together with a copy of the information and the journal entry of trial, judgment and sentence . . . and finds that the same do not state facts sufficient to justify an order for the writ of habeas corpus." The petition for the writ was denied.

The trial court at the time of ruling upon the matter wrote a letter to the petitioner somewhat more in detail than the journal entry, and which contains this statement: "I am returning to you the copy of the information and the journal entry of your trial, and sentence in the district court of Sedgwick county, Kansas, as you requested."

The petitioner in due time appealed to this court and contends that the ruling of the trial court was erroneous; but he has not brought to this court, as a part of the record, the information upon which he was tried nor the journal entry of his trial and sentence. It is not possible, therefore, for this court to exercise its independent judgment as to the sufficiency of the information. On cases appealed to this court our only jurisdiction is to review the record of the trial court. Since the material portion of it is not here, there is nothing for the court to review. Therefore, it would be futile for us to recite and comment upon statutes and decisions relating to informations and their sufficiency, or to discuss the proper method of presenting to this court a contention that an information in a given case is insufficient. However, we think it not out of place to say that appellant contends the information was fatally defective because it did not give the number of the section of the statute under which he was prosecuted. This is not required by our statute (G. S. 1935, 62-1010), which outlines the contents of an information. He further contends language of the information was not sufficiently concise and specific. In what respect is not made clear. It is not contended that the wording of the information was so inaccurate or uncertain as to prevent him from making his defense, hence it would appear that any imperfection which appellant thinks exists in the information is of a character which would not justify quashing or setting aside the information. (G. S. 1935, 60-1011.)

In this court the appellant filed an extended brief in his own behalf. He also requested the court to appoint an attorney to represent him in this court. In compliance with that request the court appointed Mr. Irwin Snattinger, of Topeka, a reputable attorney who has had a great deal of practice, to represent the appellant. He

has filed a supplemental brief in which he advises the court that he has carefully examined the record and the brief of appellant, and that he has considered the statute and authorities cited by appellant, and that he is unable to present any additional argument or authorities which in his judgment would be helpful to the court in determining the appeal.

As above stated, however, the record before us is so defective that there is no material matter before the court to be considered. The appeal, therefore, must be dismissed. It is so ordered.

PARKER, J., not participating.