No. 36,783

CARL LEE CRISP, *Petitioner*, v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(178 P. 2d 228)

Opinion filed March 8, 1947.

*Carl Lee Crisp* was on the briefs *pro se*.

*Harold R. Fatzer*, assistant attorney general, argued the cause, and *A. B. Mitchell*, attorney general, and *Leon W. Lundblade*, assistant attorney general, were with him on the briefs for the respondent.

The opinion of the court was delivered by

THIELE, J.: This is an original proceeding in which petitioner seeks a writ of habeas corpus to procure his release from the state penitentiary where he is presently confined under a sentence rendered September 15, 1922, following his plea of guilty of the crime of murder in the first degree.

Petitioner states five contentions that his imprisonment is unlawful. They are (1) that the trial court failed to acquire jurisdiction over the subject matter before rendering judgment; (2) that the trial court failed to appoint counsel for him; (3) that there was a failure to produce the necessary and substantial evidence required for a valid conviction; (4) that there were no witnesses who corroborated the evidence; and (5) that the court failed to state what specific and definite statute was violated. These various contentions will be discussed, but not in the order presented.

Assuming that contentions 3 and 4 may properly be raised in a habeas corpus proceeding, it is too clear for argument that where a plea of guilty to the offense charged is entered by the defendant, there can be no question of sufficiency of the proof. See *Fairce v. Amrine*, 154 Kan. 618, 121 P. 2d 256. With reference to contention 5, it may be noted that although the statute now in force (G. S. 1945 Supp. 62-1516) does require a statement in the journal entry of judgment of the statute under which the sentence is ren-

dered or imposed, that was not required prior to its enactment in 1941. The journal entry of judgment discloses that in the district court of Butler county on September 15, 1922, the defendant appeared in person and was not represented by an attorney; that he was informed in open court that an information had been filed against him charging him with murder in the first degree and that he entered a plea of guilty to the charge as contained in the information; that thereafter the court inquired if he had any reason to show why sentence should not be pronounced and he stated he had none, and the court rendered judgment that he be taken to the state penitentiary and kept for the remainder of his life. The information filed against the petitioner was in full compliance with our criminal code (G. S. 1935, 62-1004), and properly charged murder in the first degree in express words. It fully specified the degree of the offense and had he stood trial and been convicted the jury would have had no difficulty in specifying that degree as required by 62-1510, and upon his statement that he had no cause he was sentenced under 62-1511. The above sections of our criminal code were all in effect at the time petitioner was sentenced, and under them he was properly sentenced. It was not then required that the journal entry state the statute under which defendant was charged and pleaded guilty, nor the statute under which he was sentenced, and petitioner is not entitled to the writ for that reason.

We shall treat contentions 1 and 2 together, for apparently petitioner contends that the court lacked jurisdiction to sentence him because it failed to appoint counsel for him. We here note that petitioner has attached a sworn statement to his pleading. We treat it as his deposition. In that statement he states he was not permitted to talk with other inmates of the jail or any outside person other than the officers, and that he was not permitted to write letters or receive mail. He further states he had no knowledge of law and legal proceedings and was permitted to go before Judge A. T. Ayres unaided by counsel and unadvised as to his constitutional rights, and was sentenced "without so much as mention of counsel," and that at no time was he asked if he desired or did not desire counsel. This court is aware that Honorable A. T. Ayres, who presided at petitioner's trial, and A. F. Williams, who was then county attorney of Butler county, are deceased, and it has been informed that Newt Purcell, who was then sheriff, is

also deceased. The respondent however has furnished affidavits which are noted briefly.

The affidavit of McKnight states that he was undersheriff under Purcell and at times acted as jailer; that he remembered Crisp's being in the Butler county jail; that he had read Crisp's petition in the instant case; that when Crisp was in jail he was deprived of no privilege and was given the same rights and consideration all prisoners were given and was mistreated in no way, and that Crisp's statements as to mistreatment are totally untrue.

The affidavit of Taylor states he was deputy county attorney at the time Crisp was sentenced to the penitentiary. His statements as to the offense will not be detailed. He does not state he was present when Crisp was tried and sentenced, but does say he knows it was the custom of Judge Ayres to advise an accused of his right to a trial by jury and his right to the appointment of counsel to represent him precedent to acceptance of a plea of guilt and imposition of sentence.

There is also an affidavit from W. N. Calkins, now a judge of the same district court, stating he had been a deputy county attorney of Butler county; that he had practiced twenty years before Judge Ayres and that it was the practice of Judge Ayres to explain fully to a defendant his right to have counsel appointed for him if he was unable to employ any for himself.

In the very nature of things, the facts vary in the different habeas corpus proceedings instituted in this court, but the substance of the present petitioner's contentions has been presented and discussed in other cases. In considering petitioner's contentions we follow the rule often stated, that where a petitioner in a habeas corpus proceeding attacks the judgment against him on the ground his constitutional rights have been violated, the burden of proof is upon him to establish the facts relied upon as having that effect. See *Bissell v. Amrine,* 159 Kan. 358, syl. ¶ 2, 155 P. 2d 413, certiorari denied 324 U. S. 875, 65 S. Ct. 1013, 89 L. Ed. 1428, rehearing denied 325 U. S. 894, 65 S. Ct. 1190, 89 L. Ed. 2005. See, also, the opinion in *Downs v. Hudspeth,* this day decided (post, p. 575). And it has also been held that where a person accused of a crime has been sentenced following his plea of guilty, the judgment, when collaterally attacked, carries with it a presumption of regularity. See *Brewer v. Amrine,* 155 Kan. 525, 127 P. 2d 447, certiorari denied 317 U. S. 702, 63 S. Ct. 525, 87 L. Ed. 561. We note also our decisions to the effect that the

mere fact a journal entry of judgment, in a case tried prior to the change in the criminal code in 1941, may have recited that defendant was without counsel, is not to be held to show that he was deprived of counsel. See *Garrison v. Amrine,* 155 Kan. 509, 126 P. 2d 228, certiorari denied 317 U. S. 630, 63 S. Ct. 51, 87 L. Ed. 509; *Hill v. Hudspeth,* 161 Kan. 376, 168 P. 2d 922.

As we understand petitioner, his contention, in part, is that the trial court was compelled to advise him of his right to counsel, and that the journal entry of judgment shows it did not do so. Insofar as the statutes of Kansas are concerned, the statute in effect at the time petitioner was tried was that if he be without counsel to conduct his defense and be unable to employ any, it was the duty of the trial court to assign him counsel at his request (G. S. 1935, 62-1304). There is no showing whatever that petitioner's rights under this statute were violated, but over and beyond any requirement of the statute, we are satisfied from the showing made that the trial court did, as a matter of fact, explain to petitioner the charge against him and did advise him of his right to counsel. Petitioner's charge that he was mistreated in the county jail is disproved by the record, and his unsupported charge that the court failed to advise him of his right to counsel and appoint counsel for him is in dispute, and we are not convinced of its truth, and we find that he was advised as to his rights.

We think it may not be said that petitioner's rights under the constitution and statutes of Kansas or under the constitution of the United States were violated in any particular. Petitioner is not entitled to the writ prayed for, and it is denied.