No. 36,799

Leonard Sutton, *Petitioner*, v. R. H. Hudspeth, Warden of the Kansas State Penitentiary, *Respondent*.

(178 P. 2d 204)

Opinion filed March 8, 1947.

*Leonard Sutton*, pro se.

*Harold R. Fatzer*, assistant attorney general, argued the cause, and *A. B. Mitchell*, attorney general, and *Leon W. Lundblade*, assistant attorney general, were with him on the briefs for the respondent.

The opinion of the court was delivered by

Hoch, J.: In an original proceeding in habeas corpus, the petitioner seeks release from the state penitentiary where he is serving a sentence for burglary and for grand larceny. He was convicted and sentenced in Coffey county in January, 1944, on two separate counts, the first being second degree burglary, and the second, grand

larceny; the sentence in each instance being for a term not less than fifteen years, the sentences to run concurrently. He was sentenced under the provisions of the habitual criminal act (G. S. 1945 Supp. 21-107a). He was represented by Mr. Ray S. Pierson, a reputable attorney in good standing; and upon arraignment entered his plea of guilty.

Petitioner's principal contention is that the prior convictions of felony were set up as a third count in the information; that he was arraigned upon the information and thereby subjected to trial twice for the same offense. This contention is not borne out by the record. The information is not very well drawn, but it discloses in "Count 1" a charge that the defendant "did then and there unlawfully enter in the nighttime a store known as Jone's store located at Lebo, Coffey county, Kansas, in which store there was merchandise, with the intent to steal and commit a felony therein," and in "Count 2" that the defendant "did then and there unlawfully and feloniously take and carry away money and goods of a value of more than twenty dollars, said money and goods being taken from the Jone's store at Lebo, Coffey county, Kansas."

Following Count 1 and Count 2 appears this paragraph:

"That on or about December 2, 1935, in the County of Coffey, State of Kansas, one Leonard Sutton was convicted in the District Court of Coffey County, Kansas, of Burglary in the third degree, and that on or about June 19th, 1939, one Leonard Sutton was convicted in the County of Lyon and State of Kansas, in the District Court of said County and State of the crime of Grand Larceny, and that on or about the 5th day of November, A.D. 1941, one Leonard Sutton was convicted in the District Court of Coffey County, Kansas, of the crime of Grand Larceny, each of said crimes constituting felonies."

From the journal entry, it appears only that the defendant pleaded guilty to the offense contained in the first count and that he pleaded guilty to the offense contained in the second count. On each of these two counts he was then given a sentence of not less than fifteen years, the sentences to run concurrently. Petitioner does not now contend that he was not convicted of the previous offenses as stated in the information. The respondent attached to his answer a copy of the report from the Federal Bureau of Investigation, U. S. Department of Justice, in which numerous other convictions in addition to those above mentioned are listed.

Certainly it cannot be said that the rights of the defendant were prejudiced by his being apprised in the information of the fact

that the state was aware of the prior convictions. On the contrary, he and his counsel were thus given notice in advance of the state's knowledge of the prior convictions and the pleas of guilty were entered after such notice.

The validity of the habitual criminal act, repeatedly upheld (*Cochran v. Simpson*, 143 Kan. 273, 274, 277, 53 P. 2d 502; *Glover v. Simpson*, 144 Kan. 153, 58 P. 2d 73; *Hutton v. Amrine*, 153 Kan. 436, 437, 111 P. 2d 540) is not here attacked. The pertinent provision of section 21-107a, G. S. 1945 Supp., is as follows:

"Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the penalty of the second conviction; and *if convicted a third time of felony, he shall be confined in the penitentiary for a period of not less than fifteen years. . . ."* (Italics supplied.)

The sentence here imposed of confinement in the penitentiary for a term of not less than fifteen years was in harmony with the act.

No grounds for granting the writ have been shown. The writ is denied.