No. 37,268

CHARLES MOFFETT, *Petitioner,* v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(198 P. 2d 153)

Opinion filed October 9, 1948.

*William C. Karnazes,* of Kansas City, argued the cause, and was on the briefs for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

WEDELL, J.: This is an original proceeding in habeas corpus.

The petitioner, Charles Moffett, also designated as Charles N. Moffett in various portions of the instant record, was charged in the district court of Chautauqua county with having committed the offense of grand larceny, namely, the stealing of an automobile. The court appointed counsel to represent him in that case. After consulting with his counsel, petitioner was, on Februray 24, 1945, convicted of the offense charged pursuant to his plea of guilty. Petitioner being between sixteen and twenty-five years of age was committed to the state industrial reformatory at Hutchinson in conformity with the provisions of G. S. 1935, 76-2306.

During the period of his confinement in that institution petitioner was charged and convicted, pursuant to a plea of guilty in the district court of Reno county, on two felony counts. The first count charged the felonious assault on one Ray D. Hegerty with a deadly weapon on May 19, 1945, in the course of an attempt to escape from confinement in that institution in violation of G. S. 1935, 21-737, and contrary to the provisions of G. S. 1935, 21-431. The second

count charged an attempted escape from the state reformatory by means of the same assault in violation of G. S. 1935, 21-737. On the first count petitioner was sentenced to confinement in the state penitentiary at Lansing for a period not to exceed twenty years, and on the second count for a period not to exceed ten years "to begin after the completion of present term, both counts to run concurrently."

Following such conviction and sentence and on June 5, 1945, the state board of administration ordered petitioner transferred from the state industrial reformatory to the state penitentiary at Lansing.

The pertinent portion of G. S. 1935, 76-2314, provides:

"The board of administration shall have power to transfer to the state penitentiary any prisoner who, subsequent to his commital, shall be shown to have been at the time of his conviction more than twenty-five years of age, or to have been previously convicted of a felony, and may also transfer any apparently incorrigible prisoner, whose presence in the reformatory appears to be seriously detrimental to the well-being of the institution."

Only one contention is now made on behalf of petitioner. It is that his detention in the state penitentiary constitutes an infringement on his constitutional rights. It is argued the statute which authorizes the transfer of a prisoner to the penitentiary constitutes legislative usurpation of judicial functions in that it permits the board of administration to pronounce judgment with respect to the place of the prisoner's confinement which in this case is contrary to his original sentence and commitment to the reformatory under the judgment of the district court of Chautauqua county. The contention is not sound. It was early held under a similar transfer statute that the transfer of an incorrigible person was not a judicial but an administrative act within the power of the board of managers. (*In re Murphy*, 62 Kan. 422, 63 Pac. 428, and earlier cases therein cited.)

The state industrial reformatory is a corrective institution for youths who may be made useful and law-abiding citizens. (*Martin v. Amrine*, 156 Kan. 384, 387, 133 P. 2d 582.) The transfer statute is designed to preserve that purpose of the institution to the end that all young men confined there may receive its benefits. When a prisoner becomes incorrigible and thus tends to undermine and defeat the wholesome purpose of the institution the board of administration is authorized to exercise its administrative power of transfer. Such power, or its exercise, invades no constitutional right of the prisoner.

The writ is denied.