·No. 37,350

RAY PENNEBAKER, *Petitioner*, v. ROBERT H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*

(197 P. 2d 939)

Opinion filed October 9, 1948.

*John E. Buehler,* of Atchison, argued the cause for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

PARKER, J.: In this proceeding Ray Pennebaker, who is serving a life sentence in the state penitentiary for the crime of murder under a judgment and sentence of the district court of Franklin county, seeks a writ of habeas corpus directing his release from prison.

No useful purpose will be served by setting forth the pleadings. It suffices to say the issues they raise were strenuously argued on presentation of the cause by John E. Buehler, of Atchison, a member of the bar of this state, who had theretofore been appointed to assist the petitioner in the preparation and presentation of his case, and by Harold R. Fatzer, assistant attorney general, for the respondent.

The issues raised by the pleadings will be discussed in the order of their presentation on oral argument.

Petitioner's first claim that he was prosecuted by information instead of indictment in violation of rights guaranteed to him by the fifth and fourteenth amendments to the constitution of the United States has been definitely rejected by this court in the recent case of *Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894. We·are satisfied with that decision and adhere thereto.

A contention petitioner was denied the right to be properly represented by counsel is without any merit whatsoever. It is completely

refuted by the journal entry of judgemnt and evidence adduced by the respondent which conclusively establishes that he was represented by a capable and competent attorney of his own choice, namely, J. Earl Thomas, of Kansas City, Kan., at the time he entered his plea of guilty and on the date his sentence was imposed.

It is next argued that a writ should issue because: (a) The information was fatally defective for failure to set out the number of the section of the statute under which petitioner was prosecuted. No such requirement is to be found in our code of criminal procedure. (See *Lang v. Amrine,* 156 Kan. 382, 383, 133 P. 2d 128.) (b) The journal entry failed to set out the section of the statute under which sentence was imposed. The petitioner was sentenced in September, 1929. The statute, G. S. 1935, 62-1516, then in force and effect, contained no such requirement (see *Rice v. Hudspeth,* 162 Kan. 596, 178 P. 2d 230; *Crisp v. Hudspeth,* 162 Kan. 567, 178 P. 2d 228). (c) The journal entry was not signed by the trial judge. This claim is also without merit. In *Smith v. Amrine,* 156 Kan. 486, 134 P. 2d 400, we expressly held the omission of the trial judge's signature to the journal entry of judgment of conviction and sentence in a criminal case does not affect or impair the validity of the judgment rendered.

Petitioner's next claim is based upon the provisions of G. S. 1935, 62-1302, which read:

"It shall be the duty of the clerk of the court in which an indictment or information against any person for a capital offense may be pending, whenever the defendant shall be in custody or held by recognizance to answer thereto, to make out a copy of such indictment or information and cause the same to be delivered to the defendant or his counsel at least forty-eight hours before he shall be arraigned on such indictment or information. If the defendant pleads and goes to trial without objecting for the want of such copy, the neglect of duty by the clerk will not be sufficient ground to set aside the verdict."

Conceding a copy of the inforamtion was not delivered to petitioner at least forty-eight hours before his arraignment does not entitle him to a writ. In the first place murder was not a capital offense under the laws of this state in September, 1929, and for that reason the section of the statute just quoted was not applicable. In the next, if it had been, petitioner by entering his plea of guilty without objection to the want of a copy of the information waived service thereof (*Crebs v. Hudspeth,* 160 Kan. 650, 657, 164 P. 2d 338).

Finally it is contended there are no commitment papers on file in the office of the clerk of the district court of Franklin county. That fact, if it be true, is no ground for the issuance of a writ.

We find nothing in the record which justifies the conclusion that petitioner is unlawfully deprived of his liberty. Therefore he is not entitled to the relief he seeks in this proceeding.

The writ is denied.