No. 37,169

T. J. (TOM) BROWN, *Petitioner,* v. ROBERT H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(199 P. 2d 160)

Opinion filed November 13, 1948.

*Charles W. Lowder,* of Kansas City, argued the cause, and was on the brief for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the brief for the respondent.

The opinion of the court was delivered by

HARVEY, C. J.: This is an original proceeding in habeas corpus by an inmate of our state penitentiary. The record discloses that on September 13, 1940, there was filed in the district court of Leavenworth county an information charging the petitioner with assaulting one Henry Sartan with a deadly weapon with the intent to kill by shooting him with a shotgun. On October 1, 1940, the case was called in court and defendant entered a plea of not guilty. Having no attorney or money to employ one the court appointed as his attorney Edwin J. Holman, an experienced attorney of the Leavenworth bar, and the case was continued to October 21. On that date a trial by jury was had, the defendant appearing in person and by his attorney, and the jury returned a verdict of guilty. Thereafter defendant's attorney filed a motion for a new trial, which was considered by the court and denied on October 26, and on that date a showing was made that he had previously been convicted of a felony

on two occasions and served time in the penitentiary, and by reason thereof was sentenced to the state penitentiary for life. He seeks his discharge from custody upon the ground that he was prosecuted upon an information rather than an indictment by a grand jury and that the information and journal entry were not properly drawn. There is no merit in either of these contentions. He further contends that he was denied counsel of his own choosing. The record thoroughly disproves that. He further contends that the prosecutor, by trickery, coercion and threat, deprived him of his constitutional rights. There is nothing in the record which indicates anything of that kind. After he filed his petition in this court we appointed an attorney to represent him. The attorney has conferred with the petitioner and asked him what evidence he had upon that matter, and what the particulars were, and he stated that he had no other evidence than his statement in his petition. That clearly is not sufficient to overcome the records of the court.

The writ prayed for is denied.