No. 37,339

B. A. PYLE, *Petitioner*, v. ROBERT H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(199 P. 2d 469)

Opinion filed November 13, 1948.

*Charles W. Lowder,* of Kansas City, argued the cause for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

PARKER, J.: In this proceeding B. A. Pyle, convicted by a jury of the crime of first degree murder and sentenced by the district court of Stafford county to serve a life term in the Kansas state penitentiary for the commission of such offense, seeks a writ of habeas corpus directing his release from prison.

A careful review of the record and consideration of the argument advanced by counsel in petitioner's behalf on oral argument of the cause fails to reveal the existence of meritorious grounds for the relief sought. We have repeatedly held that prosecution by information instead of indictment (see *Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894) and failure of an information to set forth or specify the sections of the statute under which one accused of crime is charged and convicted (see *Lang v. Amrine,* 156 Kan. 382, 133 P. 2d 128, and *Kanive v. Hudspeth,* 165 Kan. 658, 198 P. 2d 162, [decided October 9, 1948]) do not afford legal grounds for the issuance of a writ. The same holds true of unsupported and uncorroborated statements of a petitioner to the effect he has been denied a fair and impartial trial and the right to be properly represented by counsel (*Long v. Hudspeth,* 164 Kan. 720, 192 P. 2d 169, and *Kanive v. Hudspeth,* supra). In this jurisdiction such statements are never regarded as sufficient to set aside the authenticity of a recorded judicial proceeding (*Cochran v. Amrine,* 153 Kan. 777, 113 P. 2d 1048; *Bissell v. Amrine,* 159 Kan. 358, 155 P. 2d 413, certiorari denied, 324 U. S. 875, 65 S. Ct. 1190, 89 L. Ed. 1428; *Downs v. Hudspeth,* 162 Kan.

575, 178 P. 2d 219; *Brandt v. Hudspeth,* 162 Kan. 601, 178 P. 2d 224). With particular reference to a situation where—as here—one of the petitioner's unsupported claims is that he was not properly represented by counsel, see *Miller v. Hudspeth,* 164 Kan. 688, 699, 188 P. 2d 935.

One final contention requires consideration. It is that the journal entry of judgment fails to set out the section of the statute under which sentence was imposed and hence a writ should issue. Obviously, this claim is based upon a requirement of our present statute (G. S. 1947 Supp. 62-1516). Even so the judgment would not be void or petitioner entitled to a writ (*Wilson v. Hudspeth,* 165 Kan. 666, 198 P. 2d 165 [decided October 9, 1948]). However, our decision on this point need not be based upon the foregoing premise. Petitioner was sentenced on June 13, 1935. The statute then in force and effect (G. S. 1935, 62-1516) contained no such requirement (*Pennebaker v. Hudspeth,* 165 Kan. 662, 197 P. 2d 939 [decided October 9, 1948]; *Rice v. Hudspeth,* 162 Kan. 596, 178 P. 2d 230; *Crisp v. Hudspeth,* 162 Kan. 567, 178 P. 2d 228).

Petitioner has failed to establish legal grounds authorizing or permitting relief in a habeas corpus proceeding. Therefore a writ is denied.