No. 37,345

JAMES H. WHITE, *Petitioner,* v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(199 P. 2d 518)

Opinion filed November 13, 1948.

*Charles W. Lowder,* of Kansas City, argued the cause, and was on the briefs for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

WEDELL, J.: The petitioner, James H. White, was convicted of murder in the first degree in the district court of Kiowa county on

April 30, 1920, pursuant to a plea of guilty and is now incarcerated in the state penitentiary under judgment and sentence for the period of his natural life.

The petitioner seeks his discharge on the grounds:

(1) He was not indicted by a grand jury.

(2) He was denied the right to be properly represented by counsel, the right to due process of law and the right to a fair, impartial and lawful trial by jury, in violation of the fourteenth amendment.

(3) The information was erroneously drawn in that it did not contain any degree or any statute numbers and that it did not allege petitioner violated any specific statute number or statutes of the state of Kansas, in violation of the fourteenth amendment and the constitution of Kansas.

(4) The journal entry was erroneously drawn in that it did not contain any degree nor any statute numbers, and the court never sentenced petitioner under any statute of the state of Kansas, in violation of the fourteenth amendment and of the constitution of Kansas and its laws.

(5) Petitioner was forced to enter a coerced plea on April 30, 1920, before the forty-eight-hour period had elapsed following the filing and reading of the information, under pressure of coercion, duress, threats and force, and against his wishes, in violation of the fourteenth amendment.

(6) The trial court and officers of the state and county put the "rush act" to the petitioner and rushed him through the court and sentence all the same day, in violation of the fourteenth amendment and of the constitution of Kansas and its laws.

It repeatedly has been held the first ground is not good. (*Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894, and numerous subsequent decisions.)

Touching the second ground we may state that the county attorney who prosecuted the action, the district court judge by whom it was tried and the attorney who represented petitioner are all deceased. It follows their evidence is unobtainable. Under the then existing law of this state the court was not obliged to appoint counsel for petitioner but the judgment discloses petitioner was without counsel, without funds to employ counsel and that the court appointed a reputable and experienced attorney for him. The journal entry of judgment further recites that the attorney conferred with petitioner and advised him of his legal rights prior to arraignment.

Where a petitioner challenges a judgment against him on the ground his constitutional rights have been violated the burden of proof is upon him to establish the facts showing such violation. (*Bissell v. Amrine*, 159 Kan. 358, 155 P. 2d 413; *Downs v. Hudspeth*, 162 Kan. 575, 178 P. 2d 219.) Where a person has been sentenced following a plea of guilty, the judgment, when collaterally attacked, carries with it a presumption of regularity. (*Brewer v. Amrine*, 155 Kan. 525, 127 P. 2d 447.) The uncorroborated testimony of the petitioner is insufficient to overthrow the recitals of a judgment.

The record fails to disclose petitioner was denied the right to an impartial and lawful trial by jury. Where a person enters a plea of guilty to an offense charged there can be no question of the sufficiency of proof. (*Crisp v. Hudspeth*, 162 Kan. 567, 178 P. 2d 228.) The term conviction applies where a defendant enters a plea of guilty as well as where he has been convicted by a verdict of the jury. (*State v. Brady*, 156 Kan. 831, 137 P. 2d 206.) Petitioner has failed to show he was inadequately represented by his counsel. (*Miller v. Hudspeth*, 164 Kan. 688, 192 P. 2d 147.) The writ cannot be allowed on the second ground alleged.

The third ground alleged does not warrant the issuance of the writ. (G. S. 1935, 62-1004, 62-1010; *Lang v. Amrine*, 156 Kan. 382, 133 P. 2d 128.)

The fourth ground is probably based on the provisions of G. S. 1947 Supp. 62-1516. The judgment was pronounced prior to the effective date of that statute and failure of the journal entry to comply therewith is not a ground for the issuance of the writ. (*Crisp v. Hudspeth*, 162 Kan. 567, 178 P. 2d 228; *Rice v. Hudspeth*, 162 Kan. 596, 178 P. 2d 230.) Irregularities in the judgment, if any, such as that mentioned had to be corrected by appeal and not by collateral attack on habeas corpus. (*In re Hornung*, 81 Kan. 180, 105 Pac. 23.)

Touching the fifth ground of the petition it must be noted that at the time petitioner was sentenced murder in the first degree was not a capital offense in this state. It was not mandatory that petitioner have a copy of the information forty-eight hours prior to arraignment. (G. S. 1935, 62-1302.) At most he was entitled to a copy thereof upon request and payment of the statutory fee therefor to the clerk. A judgment following a plea of guilty carries with it a presumption of regularity. Such judgment cannot be set aside lightly by collateral attack on habeas corpus. (*Engels v. Amrine*, 155 Kan. 385, 125 P. 2d 379.) The petitioner, of course, has the bur-

den of establishing that his plea of guilty was the result of coercion, duress, threats and force. The proof thereof must be established by a clear and convincing preponderance of the evidence. (*Bissell v. Amrine*, 159 Kan. 358, 155 P. 2d 413.) In view of the character of counsel which the court appointed for the petitioner and in view of the recitals of the journal entry of judgment we cannot conclude the petitioner has met the burden of proof in this respect.

We also conclude petitioner has not met the burden of proof on the sixth ground alleged. He waived his preliminary hearing. The journal entry of judgment discloses the district court promptly provided him with able and experienced counsel who advised petitioner of his rights. No continuance was requested. Under such circumstances it is not uncommon to accept a plea of guilty on the day the information is filed. This is especially true where no showing is made that a continuance was requested or that a failure to continue the case resulted in prejudice to the petitioner.

In oral argument counsel for petitioner emphasized the petitioner was a person of low mentality. This, of course, is not uncommon in criminal cases. In any event lack of full understanding of his rights and his plea is not one of the grounds alleged for his discharge. And, as previously indicated, the journal entry of judgment discloses he was advised of his rights by his counsel.

The writ is denied.