No. 37,346

HENRY WEAVER, *Petitioner*, v. ROBERT H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(199 P. 2d 472)

Opinion filed November 13, 1948.

*Charles W. Lowder*, of Kansas City, argued the cause for the petitioner.

*Harold R. Fatzer*, assistant attorney general, argued the cause, and *Edward F. Arn*, attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

PARKER, J.: In 1946 Henry Weaver was charged by information in the district court of Lyon county with the crime of first degree murder and after a trial was found guilty of such crime by a jury which, pursuant to statutory authority (G. S. 1935, 21-403), determined the punishment to be inflicted for its commission should be confinement in the state penitentiary for life. Following his conviction petitioner was sentenced by the district court in accordance with the jury's verdict and is now confined by the respondent in the state penitentiary under and by virtue of such sentence. He now contends his restraint is illegal and asks this court to direct his release through the medium of a habeas corpus proceeding.

Having examined the record and carefully considered contentions advanced by the petitioner as grounds for the issuance of a writ we hold: (1) Prosecution by information instead of indictment does not deprive one accused of crime of rights guaranteed by the federal or state constitutions (*Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894); (2) the code of criminal procedure of this state does not require that an information specify the section or sections of the statute alleged to have been violated by the defendant in a criminal action (*Lang v. Amrine,* 156 Kan. 382, 133 P. 2d 128; *Kanive v. Hudspeth,* 165 Kan. 658, 198 P. 2d 162 [decided October 9, 1948]; *Pyle v. Hudspeth,* 166 Kan. 62, 199 P. 2d 469 [decided November 13, 1948]); (3) habeas corpus is not a substitute for appeal and alleged erroneous instructions are not reviewable in such a proceeding (see *Downs v. Hudspeth,* 162 Kan. 575, 178 P. 2d 219, and other cases cited on page 581 of its opinion); (4) unsupported and uncorroborated claims by petitioner to the effect he was denied the right to be properly represented by counsel and the right to a fair and impartial trial are completely disproved by the respondent's evidence.

The writ is denied.