No. 37,349

W. E. SKELTON, *Petitioner*, v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(199 P. 2d 470)

Opinion filed November 13, 1948.

*Charles W. Lowder,* of Kansas City, argued the cause for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

THIELE, J.:  W. E. Skelton, presently confined in the state penitentiary, under a judgment of the district court of Johnson county, rendered February 18, 1930, finding him guilty of murder in the first degree, has filed his petition for a writ of habeas corpus to procure his release upon his application therefor.  This court appointed Charles W. Lowder, a competent attorney, to represent him in the proceedings, and the appointee has so done.

Petitioner contends his confinement is unlawful because he was tried on an information filed by the county attorney, and not on an indictment returned by a grand jury.  This contention is not good.  See *Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894, and numerous subsequent decisions where the rule of that case has been followed.

Petitioner contends he was denied the right to be properly represented by counsel.  This contention is supported only by the verified petition which we shall treat as the petitioner's deposition.  It is disputed by the deposition of the Honorable G. A. Roberds, the trial judge, and of Howard Payne, then the county attorney, which show that petitioner was without counsel, and that the trial court, at the petitioner's request, appointed H. L. Burgess, a qualified and proficient attorney, to represent the petitioner.  The affidavit of the trial court further shows that ample time for consultation was given and at the time of arraignment and before acceptance of petitioner's plea of guilty the trial court inquired specifically concerning time

for consultation and whether the plea was voluntary and not induced by coercion or promises of leniency, and sentence was later imposed. Petitioner's contention that he was not properly represented by counsel and that he did not have a fair and impartial trial is contrary to the record and is not sustained.

Petitioner's contention the information on which he was tried was defective in that it did, not specify the degree of murder cannot be sustained. The information pleaded the elements of murder in the first degree. The statute in effect at the time of the trial did not require that any statute numbers be set forth in the information. See *Lang v. Amrine*, 156 Kan. 382, 388, 133 P. 2d 128; *Kanive v. Hudspeth*, 165 Kan. 658, 198 P. 2d 162; and *Pyle v. Hudspeth*, this day decided (*ante*, p. 62).

At the date of petitioner's trial the statute did not require that the journal entry of judgment state either the numbers of the statute under which he was charged or under which he was sentenced and his contention he was therefore deprived of his constitutional rights cannot be sustained. See *Crisp v. Hudspeth*, 162 Kan. 567, 178 P. 2d 228.

Petitioner's contention that there are no commitment papers on file in the office of the clerk of the district court is not good. There is no statutory provision to that effect. The entry of judgment against the petitioner fully complied with G. S. 1935, 62-1516, then in effect.

Where a person accused of crime has been sentenced following his plea of guilty, the judgment when, attacked carries with it a presumption of regularity and one who attacks such a judgment has the burden to establish the facts showing his constitutional rights have been invaded. (See *Crisp v. Hudspeth*, supra, and cases cited.) A careful examination of the record discloses that petitioner has not sustained that burden.

We conclude that petitioner is not entitled to a writ of habeas corpus, and it is denied.