No. 37,394

JOE BROWN, *Petitioner*, v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(199 P. 2d 178)

Opinion filed November 13, 1948.

*Charles W. Lowder,* of Kansas City, argued the cause for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

THIELE, J.: Joe Brown, presently confined in the state penitentiary, filed his petition for a writ of habeas corpus to procure his release. Upon the petitioner's application therefor, this court ap-

pointed Charles W. Lowder, a competent attorney, to represent petitioner and he has so acted.

An information was filed against Joe Brown in the district court of Atchison county, charging him on count one of kidnapping, and on counts two and three of forcible rape. At his arraignment he was without counsel to represent him and the trial court appointed Maurice P. O'Keefe, an experienced and competent lawyer, to defend him. A plea of not guilty was entered and a trial had and the cause submitted to the jury. While the jury was considering its verdict, the defendant and his counsel appeared before the court and stated to the court that defendant desired to change his plea of not guilty on the second count of the information, and to enter a plea of guilty, and the state moved to dismiss the first and third counts of the information. The trial court again informed the defendant of the charge as alleged in the second count of the information, of his right to counsel and to trial by jury, and defendant waived his right of trial by jury and stated he was ready to plead and upon inquiry by the court stated he pleaded guilty to the charge in the second count of the information. Thereafter he was duly sentenced.

In his petition for the writ petitioner alleges six reasons why his imprisonment is illegal. Five of these raise only the question that his trial and all of its incidents are a nullity because he was tried on an information filed by the county attorney and not upon an indictment by a grand jury. This question has been decided adversely to him. See *Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894, and many later cases in which the rule of that case has been followed.

Petitioner also contends that he was denied a fair and impartial trial and the right to have the jury complete consideration of his case. We have considered the plaintiff's pleadings as his deposition. We have also considered the affidavits of the trial judge and of Maurice P. O'Keefe, who represented petitioner at his trial, and find therefrom that petitioner was given a full, fair and impartial trial; that his action in changing his original plea of not guilty on all counts of the information and entering his plea of guilty to the second count, after the jury had retired to consider its verdict and before returning any verdict, was petitioner's free and voluntary act after being fully advised of his rights in the premises. The judgment carries with it a presumption of regularity (*Brewer v. Amrine,* 155 Kan. 525, 127 P. 2d 447; *Miller v. Hudspeth,* 164 Kan. 688, 192

P. 2d 147), and petitioner has not sustained the burden of establishing facts showing his constitutional rights have been invaded (*Crisp v. Hudspeth*, 162 Kan. 567, 178 P. 2d 228, and cases cited).

Petitioner has alleged no grounds supported by proof that he is entitled to the writ of habeas corpus and his application therefor is denied.