No. 37,486

ERNEST GOLDSBERRY, *Petitioner*, v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(199 P. 2d 812)

Opinion filed November 30, 1948.

*Ernest Goldsberry*, was on the briefs *pro se*.

*Harold R. Fatzer*, assistant attorney general, argued the cause, and *Edward F. Arn*, attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

HOCH, J.: In an original proceeding in habeas corpus, the petitioner Ernest Goldsberry seeks release from the state penitentiary. Before discussing the petitioner's contentions, we note the pertinent facts of the case.

On November 15, 1937, petitioner was convicted in Montgomery county of statutory rape and sentenced to the state reformatory at Hutchinson to serve a term of from one to twenty-one years. For good cause shown he was transferred to the state penitentiary at Lansing on August 5, 1938. On June 3, 1941, he was recommended for parole and was released on parole on December 1, 1941. On June 1, 1943, he was given a conditional pardon by the governor, acting under the authority of section 62-1217, G. S. 1935. On September 21, 1944, he pleaded guilty, in Montgomery county, to grand larceny, and was sentenced to a term not exceeding five years in the penitentiary. On September 26, 1944, the record clerk at the state penitentiary advised the state pardon clerk in the governor's office that Goldsberry had been returned as a conditional pardon violator under a new commitment "for grand larceny, one to five years."

We now summarize and consider appellant's contentions:

1. That his conviction was in violation of the fifth and fourteenth amendments to the federal constitution because he was tried upon information and not on indictment by a grand jury. The point is not good (*Bailey v. Hudspeth*, 164 Kan. 600, 191 P. 2d 894).

2. That G. S. 1935, 62-801, is unconstitutional, being in conflict with the fifth and fourteenth amendments to the constitution. This is the statute which provides for prosecution either by indictment or information. The contention was answered in *Bailey v. Hudspeth,* supra.

3. That the information filed against him in neither the first nor second case contains the section of the statute defining the offense for which the petitioner was being prosecuted. This is not necessary (G. S. 1935, 62-1010, *Lang v. Amrine,* 156 Kan. 382, 133 P. 2d 128).

4. That the attorney appointed by the court in the first case to represent him did not properly represent him but by false statements and by misrepresenting the law to him helped to prevent his having a fair and impartial trial. Petitioner's allegations are wholly uncorroborated. In the first case, Morris D. Hildreth, a reputable practicing attorney, was appointed by the court to represent the defendant. In an affidavit submitted here by the state, Mr. Hildreth sets out fully what was done throughout the trial. Without reciting the affidavit in full, it will suffice to say that Mr. Hildreth contradicts the allegations of the petitioner in every particular. He asserts that he interviewed all of petitioner's witnesses before they took the stand; that he personally on behalf of petitioner subpoenaed many witnesses for the defendant, and that everything was done to see that defendant's rights were protected. Petitioner wholly fails to support this contention.

5. That the prosecuting officials in the first case used false testimony and suppressed evidence favorable to the defendant. This allegation is wholly unsupported. The state submits the affidavit of Clement H. Hall, who was the prosecuting attorney in the case and prosecuted the petitioner. Mr. Hall denies the allegations in every respect, reciting in detail what transpired in the trial.

6. That certain witnesses were not called in his behalf in the first case and that he was denied the right to his material witnesses. Again this allegation is wholly unsupported and is denied in every particular in the affidavit of Mr. Hildreth.

7. That he was illegally transferred from the reformatory to the penitentiary. The point is not well taken. (G. S. 1935, 76-2314; *Moffit v. Hudspeth,* 165 Kan. 656, 198 P. 2d 153; *Kanive v. Hudspeth,* 165 Kan. 658, 661, 198 P. 2d 162.)

8. That the verdict in the first case was invalid for the reason

that it did not contain the words "guilty of statutory rape." The journal entry reads:

"We, the jury in the above entitled cause, on our oath, find the defendant, Ernest Goldsberry, guilty of carnally knowing one (name given), a female under the age of eighteen years, all in the manner and form charged by the information."

The verdict conforms with the statutory definition of the offense and was sufficient upon which to impose sentence.

9. That the journal entry in the first case was illegally drawn because it does not contain any statute numbers, supporting the charge or the sentence. Petitioner was convicted November 15, 1937. The provisions of G. S. 1947 Supp., 62-1516, providing for such recital of statute numbers in the journal entry was enacted in 1941 and was not in effect when petitioner was tried and sentenced in the first case.

10. That he was coerced into pleading guilty in the second case. Again petitioner's allegations are wholly unsupported. The state submits the affidavits of Warren B. Grant, then county attorney of Montgomery county, J. W. Holdren, judge of the district court who tried the case and pronounced sentence, and Kirke C. Veeder, an attorney of Independence who was employed by petitioner to represent him throughout the trial. These affidavits are quite voluminous and need not be set out in detail. It will suffice to say that in every particular they contradict petitioner's allegations. Petitioner has wholly failed to meet the burden of proof in this matter.

11. That he was not properly represented by counsel in the second case. He does not make clear in what particular he thinks he was not properly represented. In a lengthy affidavit Mr. Veeder sets out in great detail what was done throughout the trial in defending the petitioner. The original charge in that case was robbery in the first degree. Petitioner was permitted to enter a plea of guilty of grand larceny carrying a much less penalty. He wholly fails to show that he was not fully and capably represented.

12. That the journal entry in the latter case was erroneously drawn. Nothing is shown to support this allegation. On the contrary, the journal entry shows that the provisions of the statute were fully complied with.

13. That the sentence imposed in the second case was changed and postdated by the record clerk of the penitentiary, and that the record clerk has not permitted the second sentence to start and that this constitutes a direct violation of petitioner's rights. The record

here shows that the record clerk at the penitentiary advised the governor's office on September 26, 1944, that the petitioner had been returned as a conditional pardon violator on a new commitment for grand larceny.

As heretofore noted, a conditional pardon was issued to the petitioner by the governor on June 1, 1943. The record discloses that at the time the petitioner was returned to the penitentiary on the second charge, the conditional pardon had not been finally revoked, but that it has been subsequently revoked by the governor.

We are not here called upon to determine as to the time when petitioner's sentences will expire. It is sufficient to say that upon this record it does not appear that his term has expired either under the first or the second commitment.

No showing is made which entitles the petitioner to release. The writ is denied.