No. 37,479

JAMES LEE ARNOLD, *Petitioner,* v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(203 P. 2d 205)

Opinion filed March 5, 1949.

*James Lee Arnold,* pro se.

*Harold R. Fatzer,* assistant attorney general, argued the cause and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

SMITH, J.: This is a direct proceeding in habeas corpus wherein petitioner seeks to be discharged from confinement in the state penitentiary at Lansing.

The cause has been submitted on the petition and the answer together with the affidavits of the county attorney and counsel appointed for petitioner at his trial. These pleadings disclose the following facts:

Petitioner was convicted September 5, 1944, of forgery and sentenced to the reformatory at Hutchinson. December 20, 1945, he was paroled therefrom. November 14, 1946, he pleaded guilty to burglary in the second degree and larceny while committing a burglary. Counsel was appointed for him by the court. His pre-

vious conviction had occurred in the same court and he was sentenced as an habitual criminal pursuant to G. S. 1947 Supp. 21-107a, to terms of not less than ten nor more than twenty years on the burglary charge, and not less than two nor more than ten on the larceny charge, both sentences to run concurrently. He is being held in the penitentiary now on the above sentences. He never has been transferred to the penitentiary from the reformatory, neither was he recommitted to the reformatory as a parole violator.

The first three grounds urged by him are some form of the argument that one may only be prosecuted for a felony after indictment by a grand jury. This argument has been settled against the petitioner, see *Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894.

He next argues that the informations in both cases were erroneously drawn because they did not contain any degree or statute numbers and do not allege that he violated any specific statute. We are concerned only with the information pursuant to which he is now held. He is not entitled to a writ of habeas corpus on that account. (See *Lang v. Amrine,* 156 Kan. 382, 133 P. 2d 128; also *Pennebaker v. Hudspeth,* 165 Kan. 662, 197 P. 2d 939.)

He next argues that his plea of guilty was secured by fraud, coercion and deceit on the part of his counsel and the county attorney. We are favored with affidavits by both these officials. They are sufficient to overcome the statement of conclusions made by petitioner.

Petitioner contends that the journal entry in the case in which he was last convicted does not conform to G. S. 1947 Supp. 62-1516. At the time this case was submitted counsel for the respondent conceded this to be the situation because it did not state the section numbers of the statutes, for a violation of which petitioner was convicted. While the cause was being prepared for submission, however, we are advised steps had already been taken by service of notice upon petitioner and the filing of a motion in the district court where the conviction occurred to cause the court to issue a *nunc pro tunc* order meeting this deficiency. Since the case was finally submitted we have been furnished with such an order. It is now in the files in this action. It meets that argument of the petitioner.

Petitioner next argues that his conviction in the forgery case was void because he was not given counsel when he pleaded guilty so that the sentence thereon could not be made the basis of the sen-

tence under the habitual criminal act, such as he received in the case pursuant to which he is now being held. The record in the former case does not disclose that he asked for counsel and in any event it would not render the judgment void. We find nothing in that argument to warrant the issuance of a writ at this time.

The writ is denied.

ARN, J., not participating.