No. 39,680

GEORGE OSCAR HALL, *Petitioner,* v. C. A. EDMONDSON, Warden of the Kansas State Penitentiary, and The State of Kansas, et al., *Respondents.*

(279 P. 2d 290)

Opinion filed January 22, 1955.

*George Oscar Hall*, pro se.

*Harold R. Fatzer*, attorney general, and *James L. Galle*, assistant attorney general, were on the brief for the respondents.

The opinion of the court was delivered by

THIELE, J.: This is an original proceeding in habeas corpus wherein petitioner seeks his release from the custody of the warden of the state penitentiary. In his petition for the writ of habeas corpus petitioner concedes that the questions now raised by him

could have been raised in the trial court but due to his "ignorance of law, illiteracy, feeblemindedness or the like" his constitutional rights to due process of law were violated and through his ignorance he did not request the trial court to appoint counsel for him and allowed the prosecuting officials to "railroad" him into the state penitentiary on an illegal sentence of twenty years, and that his constitutional rights were violated in seven particulars, as follows: 1. His rights under the 4th, 5th, 6th, and 14th amendments to the constitution were violated when the trial court failed to comply with the provisions of G. S. 1949, 62-1304; 2. That the court and prosecuting officials took advantage of his ignorance of law, illiteracy, feeblemindedness or the like and caused him to enter a plea of guilty; 3. That the prosecuting officials forced him by threats of additional charges to enter a plea of guilty and to waive his rights to a jury trial and the assistance of counsel; 4. That he entered a plea of guilty to the charge of burglary in the second degree as defined by G. S. 1949, 21-520, and not to a charge as defined by G. S. 1949, 21-107a; 5. That the charge as defined in the last statute was not an issue in the charge against him and that he was entitled to be informed of the nature and cause of the accusation and to be allowed ample time to prepare a defense to such an accusation; 6. That G. S. 1949, 21-107a is unconstitutional and grants arbitrary power to the state to force a defendant to enter a plea of guilty; and 7. That the trial court erred in sentencing him under the last mentioned statute, the state having failed to produce evidence to show where he had previously been convicted of a felony.

The respondents answered and attached a copy of the proceedings had in the trial court, and alleged that the sentence of the petitioner had not expired, nor had it been commuted as provided by law and that the petitioner was not entitled to the writ of habeas corpus.

The record discloses that an information was filed in the district court of Reno county charging the petitioner with the crime of burglary in the second degree committed on September 23, 1953, and that on October 15, 1953, the cause came on for hearing and that at that time the trial court advised the accused he was charged with burglary and asked the accused if he had an attorney and he answered in the negative. The trial court advised him that if he was unable to secure an attorney the court would appoint one for him and he answered he didn't believe he needed one. He was further advised his right to have an attorney was one he could waive if he

felt such an appointment would not be of any benefit and he responded he didn't believe it would. The trial court further advised him he was entitled to a trial by jury and to have witnesses subpoenaed to testify in his behalf and he answered he understood; that he did not desire a jury but to proceed without one. He was then asked if he understood the nature of the charge against him and what might be the result of any plea he might make and answered that he did. Thereafter he signed a statement that he did not desire the appointment of an attorney for him. The information was then read to him and answering an inquiry by the trial court, stated that he pleaded guilty and that he was twenty-seven years of age. He was then asked by the trial court if there was any reason why sentence should not be pronounced. Before he answered the county attorney offered in evidence a certified copy of a previous conviction of a felony in the same court. The trial court asked accused if he had anything to say about the previous conviction and he answered "No, sir" and the copy was admitted, and thereafter the trial court again inquired if there was any reason why sentence should not be pronounced, the accused said "no, sir" and thereupon the trial court sentenced him to the state penitentiary for a term of not less than ten nor more than twenty years. The journal entry reflects the above proceedings and shows that the accused was charged under G. S. 1949, 21-520 and was sentenced in conformity with G. S. 1949, 21-520 and 21-107a, by reason of the fact he had been convicted for a second time of a felony.

Heretofore this court, in determining other applications for the writ of habeas corpus has considered every question directly or inherently involved in the instant case, and in disposing of petitioner's contentions no effort will be made to cite our many decisions.

A proceeding in habeas corpus is not to be regarded as a substitute for an appeal in a criminal action (e. g. *Kneisley v. Hudspeth,* 161 Kan. 772, 173 P. 2d 247). Even though it is evident that the contentions now made by the petitioner were subject to review on appeal, we shall notice them briefly. Where a person accused of a crime has been sentenced following his plea of guilty, the judgment carries with it a presumption of regularity and one who attacks such judgment has the burden of establishing facts showing his constitutional rights have been invaded (e. g. *Skelton v. Hudspeth,* 166 Kan. 70, 199 P. 2d 470; *Brown v. Hudspeth,* 166 Kan. 93, 199 P. 2d 160, and cases cited). The record before us shows that the trial

court fully advised the petitioner as to his right to counsel and to a trial by jury and the petitioner signed a statement that he did not want counsel to represent him. It may not be said that G. S. 1949, 62-1304 providing for appointment of counsel for an accused was not complied with. The same record discloses that, even assuming that petitioner was ignorant of law, illiterate or feebleminded, and his petition does not specifically allege he was in either classification, no advantage was taken of him. On the contrary he was carefully advised by the court that he was entitled to counsel, to a trial by jury, and to have witnesses subpoenaed in his behalf, and after he pleaded guilty the court inquired whether there was any reason why he should not be sentenced, and he said there was not. Petitioner's bold statement that he was without counsel, that advantage was taken of him and that he was forced to enter a plea of guilty are contrary to the record and it cannot be said the petitioner sustained the burden which was upon him. His remaining contentions that G. S. 1949, 21-107a is unconstitutional or in the alternative that he may not be sentenced thereunder as no charge under that section was included in the information on which he was tried may not be sustained. The same contentions were made, considered and denied in *Levell v. Simpson*, 142 Kan. 892, 52 P. 2d 372, and *Glover v. Simpson*, 144 Kan. 153, 58 P. 2d 73. His contention there was no evidence to show his previous conviction of a felony is refuted by the record as heretofore summarized.

The petitioner has not made it appear that he is entitled to a writ of habeas corpus and his application therefor is denied.

Robb, J., not participating.